1818.

BEEKMAN
v.
PECK.

Motion denied.

---

BEEKMAN *against* PECK.

A decree entered by default, and enrolled, was set aside, on motion, on payment of costs, the plaintiff having been previously served with notice of the motion, and copies of the affidavits, on which it was intended to be made.

A DECREE, by default, was entered in *June* last, and enrolled. *August 18.*

*Sherwood*, for the defendant, now moved to set aside the decree, on affidavits, showing that the defendant had merits, and that the answer was filed in *June* last, and that the delay in filing the answer arose from unavoidable circumstances. The Solicitor for the plaintiff had been duly served with copies of the affidavits, and notice of the motion.

*Woodworth*, contra, objected to the application by motion, and contended that it ought to be by petition; and he further objected, that the decree had been enrolled, and that the delay was not sufficiently accounted for.

**1818.**

SANGER
v.
WOOD.

THE CHANCELLOR was of opinion that the application in the shape of a petition was not indispensable, and that the plaintiff, by means of the previous notice and service of copies of the papers, had all the requisite information. — The motion was granted, on payment of the costs of the default and subsequent proceedings; and the injunction, which had been made perpetual in the decree, by default, was continued until farther order.