BIRDSALL v. WALDRON,

Where a vendor lets a purchaser into possession upon an understanding not to require the consideration until the buyer has a title, the latter cannot be called upon to bring the money into court. Nor can it be done where possession has been given without any stipulation made about the purchase money.

If a purchaser be in possession under a prior title or the possession commenced independently of the contract of sale, and the vendor be guilty of laches in perfecting the title, he cannot compel the buyer to bring the consideration into court.

The court will not order purchase money to be paid before a title is given, unless under special circumstances, such as taking possession contrary to the intention or will of the vendor, or where the purchaser makes frivolous objections to title, or throws unreasonable obstacles in the way of completing it, or is exercising improper acts of ownership whereby the property is lessened in value.

Where a vendor is resisting performance and does not recognize a bargain, such vendor cannot compel the vendee to pay the consideration into court.

A contract for the purchase of premises was alleged to have taken place between the complainant and defendant. Prior to entering into it, the complainant had been in possession under a lease from the defendant; and he still held on, claiming to be the owner of the fee by virtue of the alleged contract. When the bargain took place, the complainant paid to the defendant the sum of five hundred dollars, on account, and, previous to filing the bill for a specific performance, he tendered the residue, amounting to eleven thousand five hundred and seventy-five dollars, which the defendant refused—and on her part, she offered to pay back the five hundred dollars, and denied that the contract was binding upon her, alleging fraud in the manner of obtaining it, and insisting that it was inequitable and unjust in other respects, and that she ought not to be compelled to perform the same.

A petition was now presented by the defendant for leave to pay into court the five hundred dollars and to compel the complainant also to bring into court the sum of eleven thousand five hundred and seventy-five dollars, for the purpose

*Feb. 24th, 1834.*

*Vendor and Purchaser. Paying consideration into court.*

of being invested and rendered productive during the pen- dency of this suit: " such payments and the petition itself to " be in no wise construed as affecting the matters in contro- " versy or as recognizing the validity of the alleged con- " tract."

Mr. *C. F. Grim*, for the motion.

Mr. *D. S. Jones*, contra.

THE VICE-CHANCELLOR:—For the purposes of this mo- tion, it is in vain to say that the complainant is a trustee for the defendant in respect to the purchase money. He can only be so by the defendant's admitting the contract to be one which ought to be specifically carried into effect. Now, this the defendant denies. She will not admit the money to belong to her or that she is a creditor or *cestui que trust* of the fund. It would seem, therefore, to be an anomaly to re- quire the complainant to deposit money in court to which she disclaims all right and pretension. If this defendant would only admit herself to stand in the relation of creditor or *cestui que trust* to the complainant, then there would be no difficulty : for the complainant is desirous of paying the money, provided she will accept of it. The argument, on the other side, however, is that the complainant insists upon being considered a purchaser and in possession, as owner, and whereby, (as it is contended) he is precluded from ob- jecting to the application to his case of the rules which at- tach to any other purchaser in regard to payment into court or a deposit.

What then is the law of this court on the subject of pay- ing in purchase money under contracts which are sought to be enforced against purchasers ?

It appears to be this :—Where the vendor has thought proper to put the purchaser into possession, upon an under- standing between them that the latter shall not pay the pur- chase money until he has a title, the purchaser cannot be called upon to pay the money into court ; and the reason is, that the understanding becomes a matter of contract which

the vendor must abide by, and he cannot call upon the court to interfere and compel the purchaser to part with his money before he has a title where there is no surprise or difficulty thrown in the way of the vendor by the purchaser: *Gibson* v. *Clarke*, 1. Ves. & B. 500. Nor will the purchaser be compelled to pay the purchase money into court before the completion of the title where the vendor has voluntarily permitted him to take possession without any stipulation or agreement about paying the purchase money : for it was a folly to permit it : *Clarke* v. *Elliott*, 1 Mad. C. R. 606. And so, if the purchaser be in possession under a title anterior to the contract or provided possession were given independently of the contract and there is *laches* on the part of the vendor in completing his title, there, the court will not order the purchase money to be paid in : *Freebody* v. *Perry*, Cooper's R. 91.; *Fox* v. *Birch*, 1 Meriv. 105. In both the cases last referred to, motions were made for that purpose and refused. And from these and other cases, it appears to be well established, that the court will not order purchase money to be paid before a title is given, unless under special circumstances—such as taking possession contrary to the intention or against the will of the vendor or where the purchaser makes frivolous objections to the title, or throws unreasonable obstacles in the way of completing the purchase, or is exercising improper acts of ownership by which the property is lessened in value: *Bonner* v. *Johnston*, 1 Meriv. 366.; *Boothby* v. *Walker*, 1 Mad. C. R. 197. ; Sugden on Vendors, 169.

No such circumstances exist in this case; and if the defendant stood before the court acknowledging the contract to be binding upon her and one which, as seller, she was to perform, but that circumstances existed to occasion a delay in the performance without any fault on the part of the complainant as purchaser, he would not, although in possession, be obliged to pay the purchase money before obtaining a title, and much less can he be compelled to part with the money while his vendor is resisting the performance.

So far as the motion is intended to affect the complainant in this respect, it must be denied, with costs.

If the defendant thinks it advisable to pay in the five hundred dollars, to be invested or deposited with the Life Insurance and Trust Company, she can have leave to do so, without affecting the question or prejudicing the rights of either party.