## Clark *vs.* Hall.

Where a bill is filed by the vendee against the vendor for a specific performance of a contract of sale of real estate, it is proper for the court, in the decree against the defendant for a specific performance, to give the necessary directions to compel the complainant to perform the contract on his part.

A decree cannot be varied in substance on petition, without a rehearing. But it may corrected or amended on motion, or petition, as to mere clerical errors, or by the insertion of any provision or direction which would have been inserted as a matter of course if the same had been asked for at the hearing, as a necessary or proper clause to carry into effect the decision of the court. And where the further direction asked for is merely consequential upon the decree itself, the proper course is to supply the omission by a distinct order without altering the decree.

A vendor of real estate has a lien upon the same for the unpaid purchase money. And when a decree is made for a specific performance of a contract of sale, the court will, if the vendor asks for it, direct a provision to be inserted in the decree, that if the vendee refuses to accept the conveyance and pay the purchase money the premises may be sold by a master, for the purpose of raising such purchase money; and that if the proceeds of the sale are insufficient to pay the amount due, the vendee shall pay the

deficiency. Or the court may decree that if the vendee does not pay the purchase money, within such time as shall be directed by the court, he shall be foreclosed or barred of his right to a specific performance of the contract.

THIS was an appeal from an order of the vice chancellor January 28. of the eighth circuit. In December, 1834, the defendant contracted with the complainant to sell him a lot of land in the city of Buffalo for $8300; of which purchase money $200 was paid down, and $1875 was to be paid on the 20th of the same month. At which time the defendant was to execute and deliver a deed for the premises, and to receive from the complainant a bond and mortgage for $6225, the residue of the purchase money, payable in three equal annual payments, with interest annually. The defendant having neglected or refused to complete the agreement, although the complainant had taken possession of the premises under the same, the bill in this cause was filed for a specific performance. And in June, 1836, a decree was made whereby it was adjuged and declared that the agreement between the parties was valid, and that the complainant was entitled to a specific performance thereof. It was therefore referred to a master to compute the amount which had then become due to the defendant on account of the purchase money. And it was decreed, that upon the payment by the complainant of the amount reported due the defendant should forthwith deliver to the complainant a deed of the premises in conformity with the agreement; and that the complainant should thereupon execute and deliver his bond and mortgage for the residue of the purchase money which had not then become due according to the terms of the agreement; the form and manner of execution of the deed and bond and mortgage to be settled by the master, if the parties could not agree as to the same; and that the defendant pay the costs of the suit. On the 5th of July, 1836, the master reported that there had then become due upon the agreement $4669,42, and that the parties had agreed as to the form and manner of executing the deed and bond and mortgage. Nothing was then done by either party under the decree until November, 1836, when the defend-

ant appealed from the same; which appeal was dismissed in February, 1838, with costs, on the appellant's own application. The defendant having paid the costs upon the appeal, applied to the vice chancellor for an order that the complainant accept his deed and pay the whole purchase money, which had then become due, or that the bill might be dismissed; and that the complainant account for the rents and profits of the premises which he had received since he went into possession, or for such other order as might be proper upon the facts stated in his petition. And upon the hearing of the parties, the vice chancellor made an order of reference to ascertain the amount of the purchase money which had become due since the date of the former report, and that the complainant, within six weeks after the confirmation of that report, should pay the purchase money due according to the two reports, with interest, deducting therefrom his taxed bill of costs, and should accept of a deed of the premises according to the agreement; and that in default of such payment, his bill be dismissed; and in that case, that the complainant should account to the defendant for the rents and profits of the premises. The decision of the vice chancellor was founded exclusively on the case of *Codwise* v. *Gelshin*, (10 *John. Rep.* 508,) in the court for the correction of errors. From this order, the complainant appealed.

*S. Stevens*, for the appellant.

*A. Taber*, for the respondent.

THE CHANCELLOR. I have no doubt as to the power of the vice chancellor in this case to give the necessary directions to compel the complainant, on his part, to perform the agreement for the specific performance of which he had obtained a decree. A decree cannot be varied in substance on petition, without a rehearing. But it may be corrected or amended on motion or petition, as to mere clerical errors; or by the insertion of any provision or direction which would have been inserted as a matter of course, if asked for at the hearing, as a necessary or proper clause to

carry into effect the decision of the court. And where the further direction asked for is merely consequential upon the decree itself, the proper course is to supply the omission by a distinct order without altering the decree.

I am inclined to think, however, that the vice chancellor has not given the proper relief which ought to have been given in this case ; but probably that was owing to the neglect of the complainant's counsel to object to the form of the relief which the defendant had stated specifically in his petition. If any such objection was made, the proper relief should have been given, under general prayer that the petitioner might have such relief as he was entitled to upon the facts of the case. This decree is in substance a decree for the specific performance of the agreement by both parties. But as it probably was not contemplated, at the time of making the decree, that the complainant might thereafter refuse to pay the purchase money and accept the deed to which he was entitled under the decree, the directions consequent on such a refusal were not then added to the other directions contained in the decree.

The vendor has a lien upon the premises sold for the unpaid purchase money. And where there is a decree for a specific performance, if the vendee will not accept the conveyance and pay the purchase money the premises may be sold for the purpose of raising such purchase money ; and if the amount produced is not sufficient to pay what is due, with the costs of sale, the vendee may be ordered to pay the balance. And if there is a surplus it will be paid to him. Yet it is not a matter of course to direct a sale, unless the vendor asks for it ; as the court may make a decree, as in the case of a strict foreclosure, where the case is a proper one for such a decree, that if the vendee does not pay the purchase money, within such time as may be limited for that purpose by the court, he shall be barred and foreclosed of his right to claim a specific performance afterwards. The objection to the form of this order is, that it directs the bill to be dismissed, after a decree had been made thereon to pay the complainant's costs ; and still retains the suit in court for the purpose of giving to the de-

fendant an account of the rents and profits of the premises while the complainant was in the possession thereof. The bill should not have been dismissed. But the order should either have directed a sale of the premises and that the defendant unite in the conveyance to the purchaser, for the purpose of raising the purchase money and the costs of the sale, with a further direction that the complainant should pay the deficiency, if any, arising out of such sale ; or, instead of dismissing the bill, the complainant's right to a specific performance should have been declared to be barred, if he did not accept the conveyance and pay the purchase money within the time prescribed by the order of the court ; and that in that event he should also deliver up the possession of the premises to the defendant and account to him for the rents and profits thereof. The appellant, therefore, may have the order modified in either of these ways, if he thinks proper to do so, at any time within twenty days after the pronouncing of this decision ; otherwise the order is to be affirmed as it now is. And in either case he must pay the costs of the respondent on this appeal; as it does not appear that he made any objection to the form of the order, before the vice chancellor.