Mar. 1841.

State of
Connecticut
v.
Sheridan.

</div>

---

### STATE OF CONNECTICUT *vs.* SHERIDAN.

A bill filed by the vendor of lands—by a contract to convey, upon payment of the purchase money, against the vendee—for the specific performance of the contract by the vendee, is not a bill to foreclose a mortgage, within the meaning of the act in relation to costs of the foreclosure of mortgages in Chancery, passed May 14, 1840; and the complainant is entitled to his costs upon such bill, under the old fee bill, and is not restricted to the charges allowed by the act of 1840.

### TAXATION OF COSTS.

*Charles L. Clarke*, for complainants.

*H. L. Stevens*, for defendant.

THE VICE CHANCELLOR. This is a question of costs arising under the "Act to reduce the expense

of foreclosing mortgages in the court of Chancery," passed May 14, 1840.

The complainants' bill alleges that the defendant, by agreement in writing, contracted to purchase of the complainants a lot of land, and to pay the complainants therefor in certain installments, after the full payment of which the complainants were to execute a deed of the land to the defendant. It alleges farther, that the time of payment for the land has expired, and that the defendant has made no payments of principal or interest ; and prays that the defendant may be decreed specifically to perform the contract, by paying the amount covenanted to be paid thereby ; or, in default thereof, that he may be foreclosed of any right or claim to said land by virtue of such contract. Before any decree is made, the defendant comes in and offers to pay ; and the only question is as to the amount of the costs. It seems that the vendor of lands, situated like the complainants, may file a bill for a specific performance of the contract ; and may, if he chooses, have the premises sold to satisfy the contract ; and if they do not raise sufficient, may have a decree over for the payment of the deficiency. In that case, the surplus would go to the defendant. The vendor, however, is not bound to take such a decree for the sale of the premises. He may have a decree as in a case of strict foreclosure, providing that, if the vendee does not pay the purchase money, with costs, within the time limited by the decree, he shall be barred and foreclosed of his right to claim, on his part, a specific performance of the contract afterwards. (Clark vs. Hale, 7 Paige, 382.) The prayer of this bill is for the latter relief. The defendant seems to suppose that this is a bill to

foreclose a mortgage, within the meaning of the act
in relation to costs, passed May 14, 1840 ; and that
the costs of this suit should be governed by that act.
In this I cannot agree with him.  The instrument
proceeded upon, is not a mortgage.  The object of
the bill is not, as in case of common mortgages, for
a foreclosure and sale of the premises.  Even though
this contract has expired, the defendant might possi-
bly have an equitable right to enforce the specific
performance of this contract hereafter.  It is to fore-
close this right, that this bill is filed.  If the cause
went to a decree, the decree would be that the de-
fendant pay the purchase money, with interest and
costs, or be foreclosed.  There would be no positive
decree for costs against the defendant ; and if the de-
fendant did not pay according to the decree, no costs
could be collected of him.  The complainant would
have to pay his own costs, as the price of extinguish-
ing the defendant's equitable interest in the contract.
The payment of the costs is imposed only as one of
the conditions of giving the defendant the advantage
of his contract.  I can see nothing in this case to
bring it within the act of May 14, 1840, either within
its words or spirit.

The costs must be taxed under the old fee bill.