## Case No. 7,414.

### JOHNSON et al. v. SUKELEY.

[2 McLean, 562.] [1]

Circuit Court, D. Ohio. July Term. 1841.

Goddard & Convers, for complainants.
Mr. Curtis, for defendant.

OPINION OF THE COURT. This bill was filed to enforce the specific execution of a contract for the sale of certain lands, made by the defendant with Walter Turner, the 18th February, 1832. The defendant agreed to sell and convey to Turner 3,273 acres of land, at three dollars per acre. One third to be paid the first of May ensuing, with interest from the first of April, when good and sufficient warranty deeds were to be made. The balance, being secured, etc., to be paid in instalments. On the first of May three thousand two hundred and twenty two dollars were paid, and the interest. Turner entered into possession, and afterwards surrendered it to the complainants, who are still in possession. The 9th September, 1835, the complainants tendered the

---

[3] See 2 Vern. 727.

[1] [Reported by Hon. John McLean, Circuit Justice.]

money due on the purchase, which was refused by the defendant, on the ground that Turner and complainants had a controversy respecting the right to the land. A motion was made by the defendant's counsel that a receiver be appointed, and that complainants be directed to pay him the money due on the contract.

In support of this motion the defendant's counsel cite the case of Clark v. Hall, 7 Paige, 382: "Where a bill is filed by the vendee against the vendor for a specific performance of a contract of sale of real estate, it is proper for the court, in the decree against the defendant for a specific performance, to give the necessary directions to compel the complainant to perform the contract on his part, by ordering the land to be sold, etc. And if the proceeds do not pay the sum due that the vendee pay the balance." This motion is made before the defendant has filed his answer. It is not known to the court whether he will admit the contract set out in the bill or repudiate it. Whether, if the contract is admitted, he is able and willing, on his part, to perform it. The first payment having been made within the terms of the contract, if the statement in the bill be true, and the residue of the purchase money tendered, there would seem to be no laches on the part of the complainants which can operate to their prejudice. Indeed, it would seem that the defendant is, himself, in default for not having made and tendered conveyances for the land as he was bound to do. In Birdsall v. Waldron, 2 Edw. Ch. 315, it was held, that where a vendor lets a purchaser into possession, upon an understanding not to require the consideration until the purchaser has a title, he can not be called upon to bring the money into court. Nor can it be done where possession has been given without any stipulation made about the purchase money. In Gibson v. Clarke, 1 Ves. & B. 500, it was held, if a purchaser be in possession under a prior title, or the possession commenced independently of the contract of sale, and the vendor be guilty of laches in perfecting the title, he can not compel the purchaser to bring the money into court. When a vendor is resisting performance, and does not recognize a bargain, such vendor can not compel the vendee to pay the consideration into court. Nor will the purchaser be compelled to pay the purchase money into court before the completion of the title, where the vendor has voluntarily permitted him to take possession without any stipulation or agreement about paying the purchase money, for it was a folly to permit it. Clarke v. Elliott, 1 Madd. 606. Fox v. Birch, 1 Mer. 105. In the present posture of the case it is clear that the defendant is not entitled to his motion. Nothing short of an admission of the facts in the bill, and a readiness on his part to make the conveyances, would authorize the interlocutory order asked by his motion. The motion is overruled.

The defendant's counsel then admitted the facts stated in the bill, and the equity of the complainant's case, and he presented to the court a conveyance for the land executed by R. Sukeley, as the attorney, in fact, of the defendant.

To this the counsel for the complainants make the following objections: First: The power does not appear to have been duly executed. Second: It authorizes the attorney to sell and convey with the usual covenants of warranty, but not to convey lands previously sold. Third: The power has not been recorded as the statute requires. Fourth: Vendee not obliged to receive a deed executed by power of attorney.

There seems to be no sufficient objection to the execution of the power. It appears to have been signed by the defendant, duly witnessed and acknowledged before an officer in the city of New York, authorized by the laws of that state to take acknowledgments of deeds, and this, under the statute of Ohio, is a good execution of the instrument. The second objection is entitled to more consideration. The act of this state, of the 22d February, 1831 [29–31 Laws Ohio, p. 347], provides that all powers of attorney, authorizing the execution of any deed, mortgage, or other instrument of writing, for the sale, conveyances, &c., of any lands, tenements, etc., in this state, shall be recorded in the office of the recorder of the county in which such lands, &c., are situated, previous to such sale, or the execution of such deed. This power of attorney has not been recorded, and it is difficult to obviate the positive provision of the statute. We are inclined to think, however, that the recording of the power of attorney before a record is made of the deed might be held sufficient. Under certain circumstances, perhaps, the deed might not be considered as taking effect until the power of attorney was recorded. But it is not necessary to place the objection to the deed on the construction of this statute, as the third objection must be sustained. The power authorizes the attorney "to sell and convey all and singular the lands whereof the principal was seized in the state of Ohio, and to dispose of the same absolutely in fee simple, for such price, or sum of money, and to such person or persons, as he shall think fit and convenient; and, also, in the name of the principal, to execute and deliver such deeds and conveyances, for the absolute sale and disposal thereof, as the said attorney shall think fit and expedient." Now, this power has no reference to land which had been sold, and only authorizes deeds to be executed of such land as the attorney should sell. For aught that appears the defendant may have unsold lands in Ohio, to which this power will strictly apply. It does not embrace the land purchased by the com-

plainants. This is a fatal objection to the deed now tendered by the defendant.

Another objection is stated to the power, that it does not authorize the execution of a deed with general warranty, and the case of Nixon v. Hyserott, 5 Johns. 58, is cited and relied on. As the objection just considered is fatal to the deed, it can not be necessary to consider this one. And we the more readily pass it over, as a similar objection is considered somewhat at large in the case of Taggart v. Stanbery (decided at the present term) [Fed. Cas. No. 13,724].

The last objection that a vendee is not obliged to accept of a deed executed by a power of attorney is not without force. In Sugden on Vendors, 1, 523, it is laid down that a purchaser is not required to accept a conveyance from an attorney, unless under peculiar circumstances. As justly remarked, there may be a revocation, by death or otherwise, of this power. If the power authorized the making of the deed, it would be necessary for the court to decide whether, under the circumstances, the deed should be accepted by the complainants. But as the power is defective this point does not arise. The equity of the bill being fully admitted by the defendant, by his voluntary answer, it is unnecessary to take a rule on him for answer; and as the case is submitted to the court for their order, it is decreed that the complainants shall pay the balance of the purchase money, including interest, either into the hands of the clerk of this court, with the usual rate of exchange on New York, within —— months, or that they shall tender the same to the defendant in the city of New York, which, in either case, shall be paid to the defendant on his delivering a good general warranty deed to the complainants for the land, as required by the contract.