## SUPREME COURT.

### THE NEW YORK ICE COMPANY agt. THE NORTH WESTERN INSURANCE COMPANY.

Where *final judgment* dismissing a complaint is duly rendered and entered, without any mistake or omission therein, it is a disposition of the whole case, and the court has no power subsequently to *amend* it by allowing the plaintiff to bring a new action.

*New York General Term, December,* 1860.

SUTHERLAND, INGRAHAM *and* BONNEY, *Justices.*

APPEAL from an order made at special term, amending the judgment by allowing the plaintiff to bring a new action.

By the court, BONNEY, Justice. This action was tried at special term, held on the 23d December, 1859, judgment

was rendered that the complaint be dismissed without prejudice to plaintiff's right to bring an action at law upon the policy of insurance set out in the complaint. On application of the plaintiff, an order was made at special term on 5th July, 1860, that said order, (judgment,) dated 22d December, 1859, be amended, as of 5th July, 1860, by adding after the words " set out in the complaint," the words *" or the plaintiffs may serve a new complaint at law in this action on payment by the plaintiff to the defendants of all interlocutory costs since the filing of the complaint, and costs of this motion, ten dollars."* From this order of 5th July, the plaintiff has appealed.

By the terms of said policy, the time within which an action may be brought upon it is limited, and that time has expired. And the amendment of said judgment is therefore necessary to enable the plaintiff to prosecute an action at law upon it. The amendment appears to me not unreasonable or inequitable, but I do not see that the court has any power to make it. Final judgment dismissing the complaint was duly rendered and entered. And there is no allegation or pretence of any mistake or omission therein. The judgment is precisely what it was intended to be, and disposes of the whole case. The amendment has been asked for and granted upon considerations not presented to the court at the hearing, and is intended to give to the plaintiff relief not then contemplated by any one.

The Code, section 173, authorizes the court, *after judgment*, to amend any pleading, process or proceeding, by adding or striking out the name of any party,—by correcting a mistake in any respect,—by inserting other allegations material to the case, or conforming the pleadings or proceedings to the facts proved; but such authority does not reach this case.

In the case of *Clark* agt. *Hall*, (7 *Paige*, 382,) it was held by the Chancellor that a decree cannot be varied in substance, without a rehearing, but it may be amended or

corrected on motion as to mere clerical errors, or by insert-
ing any provision or direction which would have been
inserted, as a matter of course, if the same had been asked
for at the hearing, as a necessary or proper clause to carry
into effect the decision of the court.

This case states the power to amend a decree or judgment
on motion, in as broad terms as any that has fallen under
my notice, but in my opinion is not authority for making
the order now before us; and in my judgment that order
should be reversed, with ten dollars costs of appeal, to the
respondent.