## JOSIAH A. THOMPSON *vs.* ELI GOULDING & others

After a decree in equity has been entered and become a matter of record, there can be no rehearing on motion or petition for the purpose of correcting an alleged error which involves the merits of the case. The remedy is by a bill of review.

Under Gen. Sts. *c.* 113, a decree in equity made by a single judge or the full court in any county and transmitted to and received by the clerk of the court for the county where the suit is pending, becomes a matter of record and takes full effect on the day when it is formally drawn out and filed by him. And it is immaterial whether this is done in term time or vacation.

BILL IN EQUITY, seeking for a settlement of the partnership affairs between the plaintiff and the defendants, and averring that there was a balance of $7000 due from them to him upon such settlement.

The bill was taken *pro confesso*, and at April term 1861 a decree was entered for the plaintiff, adjudging the said sum to be due to him, and awarding execution therefor; and the defendants appealed to the full court. No steps, however, were taken by the defendants to bring the case up, and in March 1862 the plaintiff moved that the appeal be dismissed and the decree of the single judge affirmed; and upon this motion an order was passed by the full court sitting in Boston, on the 29th of March 1862, that the clerk of the court for the county of Worcester make this entry: " Appeal dismissed. Plaintiff's motion for affirmation of decree allowed, and decree of the supreme judicial court affirmed." At April term 1862, for this county, the defendants moved that this order might be reversed and annulled, and that the case might be heard upon the question what decree ought to be entered therein, for manifest errors apparent upon the pleadings and decree, because the decree heretofore entered is erroneous in adjudging a specific sum to be due from the defendants to the plaintiff and in awarding execution for the same, whereas the decree ought to have been that the case should be heard by the court or a master in chancery to ascertain the amount, if anything, due upon a settlement of the partnership affairs. Upon this motion, *Merrick, J*

directed that the case should stand continued, for the determination of the whole court.

*D. Foster*, ( *T. L. Nelson* with him,) for the defendants. After a bill is taken *pro confesso*, the court will see that a proper decree is entered. *Geary* v. *Sheridan*, 8 Ves. 191. In cases like the present, the case should be referred to a master, to state the account. *Tomlin* v. *Tomlin*, 1 Hare, 236. *Pendleton* v. *Evans*, 4 Wash. C. C. 391. The error is apparent on the face of the decree, and may be corrected on motion, or by the court of its own accord. *Gibson* v. *Crehore*, 5 Pick. 156. *Clapp* v. *Thaxter*, 7 Gray, 384, 386.

*E. Mellen & W. S. Davis*, for the plaintiff.

Bigelow, C. J. We cannot doubt that this court, sitting in the county of Suffolk, had full power to order an affirmation of the decree in the present case. The authority is expressly conferred by Gen. Sts. *c.* 113, § 18, and it was exercised in this case after due notice to the adverse party, and because any longer delay seemed to be unreasonable.

But we are now asked to set aside and rescind the decree for error. We do not stop to inquire whether the alleged error actually exists, because we are all of opinion that the present application comes too late, and that the only remedy of the defendants is by a bill of review. The well settled rule of chancery practice is, that, after a decree has been enrolled, that is, after it has become matter of record, there can be no rehearing, either on motion or petition. *Clapp* v. *Thaxter*, 7 Gray, 384. There are, however, exceptions to this rule. Cases do not come within it where some clerical errors, mistakes in computation or irregularities in making up the record have occurred, or where a final decree has been made on default of a party through the negligence or mistake of his solicitor, or by reason of want of notice to him of the pendency of the suit. *Kemp* v. *Squire*, 1 Ves. Sen. 205. *Beekman* v. *Peck*, 3 Johns. Ch. 415. *Clark* v. *Hall*, 7 Paige, 382. *Millspaugh* v. *McBride*, Ib. 509. 2 Dan. Ch. Pr. 1230, 1235. The present case does not fall within any of these exceptions. The defendants have had full opportunity and ample time to be heard on the merits of the case, and the

decree was entered after adequate notice to their solicitors. The alleged error is "in adjudging a specific amount to be due from the defendants to the plaintiff, and in awarding execution for the same," whereas the decree ought to have been that the case should be heard by the court or a master to ascertain the amount, if anything, due to the plaintiff. As the decree is for the payment of money only, it is obvious that this objection involves the whole merits of the case, and, if allowed, would open the entire decree. It is not such a mistake or irregularity as can be corrected either on motion or on a petition for a rehearing, after the record is made up.

Then the only question which remains is, whether, under the circumstances of this case, the decree was finally entered and had become matter of record at the time when the defendants' application for a rehearing and revision of the decree was first made. Formerly, before the enactment of *St.* 1859, *c.* 237, final decrees in equity were entered only at a .regular term of the court, and the record was not deemed to have been made up until the final adjournment of the term. Previously to that time the decree, although it might have been entered, was still within the breast of the court, so that it might be modified or changed, either on motion or on a petition for a rehearing. But by the statute above cited, which was substantially reënacted in Gen. Sts. *c.* 113, the practice in this respect was entirely changed. A system was thereby established, based on the theory that the court of chancery is to be always open, and capable of transacting business without the formality of a stated term or session. It was expressly provided that for hearing and making and entering decrees in equity cases by a single justice the court shall be always open, and that a single justice or the full court, sitting in one county, may hear and determine cases pending in another county, and any .motion therein, and that when such hearings are had, all orders and decrees made by the court shall be transmitted to the clerk in the proper county, to be by him entered. It was also provided that every order and decree shall bear date as of the day when the same is actually entered by the clerk, and the date shall be noted upon the order or

decree and upon the docket by the clerk at the time of entering the same. Gen. Sts. *c.* 113, §§ 7, 16, 18. These enactments confer on the court and on the justices thereof full power to make and enter all decrees in equity, either interlocutory or final, at any time, irrespective of the regular terms established by law for the transaction of business on the common law side of the court ; and decrees so entered must be operative from the time when they are entered of record. This follows necessarily, because there is no other time from which they can be held to take effect. It then becomes the definitive judgment of the court; *it is in a strict sense a record, by which the rights of the parties in controversy are finally adjudged.* To a decree so entered, the fiction of law by which a term of a court is held to be an entirety or one session, so that all judgments, unless otherwise specially ordered, are deemed to be rendered as of the last day of the term, and until the final adjournment to be within the control of the court, does not apply. In the case at bar, the decree was formally drawn up and allowed by the judge who heard the case ; from this decree there was an appeal to the full court; the defendants did not enter their appeal or take any measures to prosecute it, and the same decree, formally adjudging the whole merits of the case, was ordered to be entered, by the full court in the county of Suffolk. When this order was received by the clerk in the county of Worcester, and by him entered on the docket and placed on file, it must be deemed to have been finally entered of record. The error into which the counsel for the defendants seem to have fallen consists in regarding this decree as having been entered as of the term of this court which was sitting for the county of Worcester at the time the order for entering the decree was received by the clerk. This was a mere accidental coincidence. The order for the decree would have been sent in like manner during vacation, and the decree takes effect from the day when it was received, without any reference to the term of the court which happened to be in session at the time.

It may be well to add, in order to avoid misapprehension, that no decree can be said to be entered of record until it is formally

drawn out and filed by the clerk. A mere order for a decree, before it is extended in due form and in apt and technical language, cannot be held to be a complete record of the judgment of the court. *Petition dismissed.*