Mr. Justice MacArthur
stated the case, and delivered the opinion of the court:
At the special term, held on the 25th day of Juue, 1874, this case was heard upon the pleadings and proofs, and a decree passed dismissing the bill at complainant’s cost. On the 25th day of July following, which was before the end of the next term of the court, the complainant filed a petition stating that when Mr. Justice Wylie, who heard the case,, announced his decision dismissing the bill the counsel for complainant informed said court that he had additional evidence which he regarded as important to his client, but that he omitted to produce it for the reason that, in his judgment, he had proved enough; that thereupon the court said the bill would be dismissed without prejudice. It is further stated in said petition that the decree which was prepared by defendant’s counsel and signed by the court, instead of conforming to such decision dismissed the bill generally with costs against plaintiff, and that such decree was signed inadvertently and does the complainant injustice, and the petition then prays the court to review and revise the same, sa as to conform it to the decision orally expressed by the said court.
Ou the 4th of August the defendant filed his answer to the bill of review. This answer alleges that the decree of the 25th of June was drawn according to what the defendant’s solicitor understood was the order of the court, and that said solicitor was informed by the justice that he had signed the decree as written, and that no intimation was given that the bill was to be dismissed without prejudice. *658 The answer also insists that the facts stated in the petition of review do not justify any rehearing, and that the decree as recorded was just and right on the proofs in the case, and asks for the same advantage by this answer as might have been had by demurrer.
On the 6th of August the decree of the 25th of June was set aside, and it was ordered, adjudged, and decreed “thatthe petition for divorce be and the same is hereby refused, without prejudice, and that the defendant pay the costs.”
From this decree an appeal is taken by the defendant in the court below.
We desire in the first place to make an observation upon the practice adopted by the complainant’s solicitor in presenting this matter to the court below. He styles it a petition of review, and asks for a review of the decree. There is no proceeding in this form known to our practice. The relief asked for can only be obtained on a motion for a rehearing, (2 Daniel’s Ch., 1233,) and this is expressly provided for by the 87th equity rule of this court. A bill of review is a collateral suit, and lies after the first decree is enrolled, and is founded upon an averment of newly-discovered evidence, or for error in law appearing upon the face of the decree complained of. The petition here does not purport in this sense to be a bill of review, but simply seeks to have a decree corrected, so that it will conform to the decision. The proper method to accomplish this is by applying to have the case reheard. 2 Daniel’s Ch. Pr., 1232 ; Burch vs. Scott, 1 Bland, 120; Clark vs. Hall, 7 Paige, 382. But as it appears the application was presented to the special term, as it certainly was here, as if it were a motion for rehearing, we will consider it in that light, especially as it was evidently intended to be a motion of that character. These remarks are made now that the practice may not be drawn into precedent hereafter.
It appears from the statement of the case that the justice holding the special term on the 25th of June, 1874, announced his decision orally, dismissing the bill without prej udice. No minutes of the decree were taken by the clerk. Afterward the defendant’s solicitor, who understood that the bill was dismissed without any qualification, drew up a decree to that *659 effect, which was signed by the court. The counsel for petitioner, as a reason for not preparing the decree, states that he supposed the clerk would make an entry of the opinion of the court, and that he was called out of town in the evening. It will be seen that his statement, that the'bill was dismissed without prejudice, is confirmed by the remarks of the justice tn granting the rehearing.
On the part of the defendant it is contended that the special term has no authority to make an alteration in the decree of the 25th of June, after the term at which it was signed. It is well settled in chancery practice that an application to alter or modify a decree after the adjournment of a term wilt not be entertained.
If the party is entitled to relief, he must then resort to a bill of review. In case, however, of a mere formal or clerical error, the court can correct it even though the term has expired, but with this exception all the authorities concur in the position just mentioned. The 87th Rule in Equity of this court has changed this principle in chancery practice to a limited extent; it reads as follows :
“ Every petition for a rehearing shall contain the special matter or cause on which such rehearing is applied for, shall be signed by counsel, and the facts therein stated, if not apparent on the record, shall be verified by the oath of the party or by some other person. No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court. But if no appeal lies, the petition may be admitted at any time before the end of the next term of the •court, in the discretion of the court.”
Now, as we have seen, the first decree was signed on the 25th of June, and the petition was filed before the end of the next term of the court. It follows, if this is a case in which no appeal lies to the Supreme Court, the motion for a rehearing was made within the time prescribed by our own rule. But it has been suggested that the rule refers to the supreme court of the District of Columbia. A majority of the judges, however, are of opinion that such is not the meaning of the rule. The nature of the jurisdiction of the general term shows that such cannot be the design of said *660 rule. Tire right of appeal from, the special to the general term of this court extends without limitation to every final decree or judgment in equity. The language of the statute is that “ any party aggrieved by any order, judgment, or decree made or pronounced at any such special term, may, if the same involve the merits of the action or proceeding, appeal therefrom to the general term of said supreme court, and upon such appeal the general term shall review such order, judgment, or decree, and affirm, review, or modify the same as shall be just.” (12 Stats. at Large, p. 763, sec. 5.)
It is to be observed that appeals are mentioned in this section as lying to the general term, and this is appropriate phraseology, for it would seem incompatible with the unity of the court to talk of taking an appeal to itself. There are several cases in which the jurisdiction of this court is exclusive — suits for divorce, criminal prosecutions, and in civil suits where the amount does not exceed a certain sum — and of course in such cases no appeal lies to the Supreme Court of the United States. We think it was this class of cases that was intended to be regulated by the rule in question, and therefore conclude that the motion for a rehearing was made within the time limited for that purpose by the rule of court.
We confine our decision to this point. We declined to hear the case de novo upon the merits. The bill was dismissed without prejudice, at defendant’s costs, and he takes the appeal. It is a matter of sound discretion with the justice who hears a cause in equity who shall pay the costs, and his action in dismissing a bill without-prejudice ought not to be reviewed unless there is a plain and palpable error, which is not the case here.
Decree below affirmed.