### HENRY G. ADAMS, Respondent, *v.* NATHANIEL ASH, Appellant.

*County Court — it has jurisdiction of an action for the specific performance of a contract for the purchase of real estate — power of the court to modify directions contained in a final judgment, as to the time in which acts must be done — a party directed by a final judgment to pay money is usually allowed the same time as upon an execution.*

In this action, brought in a County Court, to compel the specific performance of a contract for the purchase of land made by the defendant, who appeared but suffered a default, the final judgment determined the sum remaining unpaid, and provided that, within ten days after the entry of the judgment and service of notice thereof, the amount of the judgment be paid to the plaintiff's attorney at his office, and that, upon the payment of the sum found due and costs, the plaintiff execute and deliver to the defendant a warranty deed of the premises. Within ten days from the entry and service of the judgment, the defendant procured an *ex parte* order from the County Court extending the time within which the defendant might make the payment, ordering the judgment to be amended accordingly and providing that the payment, if made, was to have the same effect as though made within the time required by the terms of the judgment as originally entered.

A demand made for the delivery of the deed, after a tender had been made within the extended time, having been refused by the plaintiff, the defendant moved in the County Court that the judgment be set aside upon the ground that the County Court did not have jurisdiction of the subject-matter of the action, and

that, if that relief were denied, the plaintiff be required to comply with the judgment as amended by the order extending the time.

The County Court denied the application to compel the plaintiff to execute the judgment and vacated the *ex parte* order extending the time;

*Held,* that the fact that the judgment contained no provision directing a sale of the premises, if the vendee failed to pay the unpaid purchase-money, and making the defendant liable therefor, did not deprive the County Court of jurisdiction, inasmuch as that court did direct that if the defendant should omit to make payment within the time specified, he should be forever barred and foreclosed of all equity of redemption of, in and to the premises, and as the County Court had power, in a proper case, to make such a decree as is made in the case of a strict foreclosure of a mortgage

The order, denying the defendant's motion to set aside the judgment, vacated the *ex parte* order which had been previously granted extending the defendant's time.

*Held,* that the court had no power to do so in disposing of a motion made by the defendant; that if the plaintiff desired to have such *ex parte* order vacated he should have made a motion for that purpose.

The County Court in granting the order appealed from held that, after the entry of final judgment, it had no power to modify the same by enlarging the time within which the defendant might make payment of the sum found due the plaintiff on the contract.

*Held,* that it erred in so doing; that while the court cannot, after a final judgment has been entered, change or modify it on motion, as to the matters involved in the issues tried and determined by the court or jury, or which the parties might have tried and determined under the pleading, yet the court possesses the inherent power to correct irregularities and clerical mistakes and to modify directions inserted in the judgment commanding the parties to do particular things, for the purpose of carrying the judgment into effect, which do not relate to the merits of the controversy.

*Clark* v. *Hall* (7 Paige, 382); *Perine* v. *Dunn* (4 Johns. Ch., 140), and *Hogan* v. *Hoyt* (37 N. Y., 300), followed.

That while it was irregular for the court to grant the order enlarging the time on an *ex parte* application, the plaintiff had no right to disregard it, as it should be respected and observed until vacated.

That the time within which the defendant was, by the terms of the final judgment, required to make the payment, was brief beyond any precedent known to the court.

That the practice of the court was to allow a much longer time, usually not less than the time which an execution runs, when issued upon a judgment for the collection of money in an action at law.

APPEAL from an order of the Erie County Court denying the defendant's motion for an order directing the plaintiff to execute the judgment on his part, and vacating an *ex parte* order previously granted extending the time within which the appellant might pay

to the plaintiff the sum found due from him, as vendee, on the land contract, for the specific performance of which this action was brought.

The appellant was the vendee and the plaintiff occupied the position of vendor, he having taken a conveyance of the premises and assignment of the contract subsequent to its execution. The defendant appeared in the action but suffered a default. The final judgment determined the sum unpaid by the vendee on the contract to be the sum of $207.75, and costs were awarded against the defendant, which were taxed at sixty-three dollars and forty-nine cents. The decree also provided that, within ten days after the entry of judgment and service of notice thereof, the amount of the judgment be paid to the plaintiff's attorney at his office, and that a service of a copy of the judgment should be made within one day after its entry by service of a copy on the defendant's attorney at his office, and by inclosing a copy in a post-paid wrapper directed to the defendant at his place of residence, and that such service should be deemed sufficient service, and upon the payment of the sum found due and costs that the plaintiff execute and deliver to the defendant a warranty deed of the premises. After entry and the service of a copy of the judgment, and within the ten days mentioned, the defendant procured an *ex parte* order from the County Court extending the time within which the defendant might make payment of the sum found due upon the contract and ordering the judgment to be amended accordingly; and such payment, if made, to have the same effect as though made within the time required by the terms of said judgment as originally entered. The defendant made a tender of the amount due within the extended time and demanded a deed from the plaintiff, who refused to receive the money and deliver the deed, thereupon the defendant made a motion that the judgment be set aside upon the ground that the County Court did not have jurisdiction of the subject-matter of the action; and if that relief was denied, that then the plaintiff be required to comply with the terms of the judgment and the order dated January 8, 1887, which extended the time of payment, and deliver to the defendant the deed as required by the terms of the original judgment.

This motion was denied, the order of denial also containing a provision revoking the order of January 8, 1887, which extended the

time within which the judgment might be performed on the part of the defendant.

*L. Le Clear*, for the appellant.

*Fred. L. Bennett*, for the respondent.

BARKER, J.:

County Courts have jurisdiction in actions to enforce the specific performance of contracts relative to real property. (Code of Civil Pro., § 340.) The purpose of this action as appears from the averments in the complaint and the relief demanded, was to enforce the specific performance of an executory contract for the sale of real estate by the purchaser, who is the defendant.

The object of an action is to be determined by the allegations of fact set forth in the complaint and the relief demanded. From such alleged facts the question is also to be determined whether the court, in which the action is prosecuted, has jurisdiction of the subject-matter. The judgment in this action determined the amount of the purchase-money unpaid and requires the defendant to pay the same within the time fixed for that purpose, and thereupon the plaintiff is required to execute and deliver a deed of the premises, and if the defendant omits to make payment within the time specified he is, in the language of the judgment, " forever barred and foreclosed of all equity of redemption of, in and to the premises described in the contract." There is no provision in the decree directing a sale of the premises if the vendee failed to pay the unpaid purchase-money, and if there should be any deficiency after applying the avails of the same, that the defendant be liable therefor.

The appellant contends that, because of the omission to insert such a provision, this action cannot be regarded as an action to enforce the specific performance of a contract, but should be treated as one to foreclose the vendee's rights under the contract, and that in actions of that character the County Court has no jurisdiction. It is customary to direct a sale in case the sum found due is not paid within a specified time, yet it is not a matter of course to order one unless the vendor asks for it, as the County Court may make a decree as in case of a strict foreclosure, where the case is a proper

one for such a decree, providing that if the vendee does not pay the purchase-money within such time as may be limited for that purpose by the court, he shall be barred and forever foreclosed of his right to claim a specific performance of the contract. (*Clark* v. *Hall,* 7 Paige, 382.) We are, therefore, of the opinion that so much of the appellant's motion as asked that the judgment be set aside for want of jurisdiction was properly denied.

We are also of the opinion that so much of the motion as asked for an order that the plaintiff be required to accept the money tendered and comply with the terms of the judgment directing him to execute and deliver a deed of the premises should have been granted. Consequently that part of the order, which denied that part of the motion, should be reversed.

In the order denying the appellant's motion a clause was also inserted vacating the *ex parte* order, previously granted on his motion, extending the time within which to perform the judgment on his part. This the court had no power to do on disposing of the motion made by and on behalf of the appellant. The subject-matter whether that order should stand or be vacated was not before the court. If the respondent desired a vacation of that order he should have made a motion for that purpose. The party interested in maintaining the order would then have had an opportunity to defend its validity. The practice on this point is well settled. So much of the order as vacated the order of January 8, 1887, should be reversed. This will leave that order in full force and effect, if it ever had any validity.

It has been argued by the respondent that the court had no power to alter or change any of the provisions or terms of the final judgment, and for that reason the order directing the amendment was utterly void and the plaintiff was justified in declining to accept the money tendered and refusing to deliver a deed, as the time had expired, as fixed by the judgment, in which the tender should be made. The County Court, in granting the order appealed from, considered this question, as appears by its written opinion, and reached the conclusion that the court had no power on motion, after the entry of final judgment, to modify the same by enlarging the time within which the defendant might make payment of the sum found due the plaintiff on the contract. These views of the court

below, as to its want of power to modify the judgment in the particular mentioned in the *ex parte* order, make it proper for this court on this appeal to consider that question. As to the subject-matter of the amendment and the extent of it, we think the court possessed the power to allow the modification of the judgment on a motion made for that purpose. The general rule is that after final judgment has been entered in an action, the court in which the same was pending has no power on motion, to change or modify it, as to the matter involved in the issues tried and determined by the court or jury or which the parties might have tried and determined under the pleadings. The reason for the rule is that after final judgment the court has lost all jurisdiction over the subject-matter, except to enforce the execution of the judgment as rendered. The remedy given to the aggrieved party is to review the judgment on an appeal in the manner provided by law. (*Kamp* v. *Kamp*, 59 N. Y., 212; *Rockwell* v. *Carpenter*, 25 Hun, 529; *McLean* v. *Stewart*, 14 id., 472; *Clark* v. *Hall*, 7 Paige, 382; 1 Barb. Ch. Pr. [2d ed.], 366.) But in final judgments it is often necessary to insert directions commanding the parties to do particular things for the purpose of carrying the judgment into effect, which do not relate to the merits of the controversy, and as to such matters the judgment may be modified, on motion. The court possessed the inherent power to correct irregularities and clerical mistakes, after the entry of judgment, and by the insertion of other provisions or directions which would have been inserted as a matter of course, if asked for at the hearing, and such as are necessary and proper to carry into effect the decision of the court. Where a further correction is asked for and which is merely consequential upon the decree itself, the proper course is to supply the omission by distinct motion without altering the decree. (*Clark* v. *Hall*, 7 Paige, 382.)

The courts of equity in this State and in England have the power to modify their judgments in respect to the time in which the party has been ordered to do an act, with a view of carrying into effect the judgment. Such a modification is justified upon the ground that it does not change the substance of the judgment. (*Perine* v. *Dunn*, 4 Johns. Ch., 140; *Hogan* v. *Hoyt*, 37 N. Y., 300.)

In the case before us, the time within which the vendee was to

make payment of the sum found due on his judgment is brief beyond any precedent, so far as we know. It is the practice of this court to allow a much longer time, usually not less than the time which an execution runs when issued upon a judgment for collection of money in an action at law. We may assume that the time inserted was a mere clerical mistake, and that it was the intention of the court to allow the customary time as established by the practice of the courts of this State. It is impossible for us to believe that the time fixed received the sanction of the learned county judge who tried the action, and we think it must have been inserted without his attention being called to that provision of the judgment, and that it did not receive his deliberate approval. If he had, in his examination of the question, come to the conclusion which we have, that the County Court possessed the power to enlarge the time, we cannot but think he would have approved of his previous action in doing so.

We concur with the respondent's counsel that it was irregular for the court to grant the order enlarging the time on an *ex parte* application, but the respondent has no right to disregard the same for that reason. It was to be respected and observed until the same was vacated. (*Gould* v. *Root*, 4 Hill, 554 ; *Starr* v. *Francis*, 22 Wend , 633 ; *Hunt* v. *Wallis*, 6 Paige, 371 ; Wait's Prac., 612.) But we think the record discloses facts and circumstances fairly indicating that notice of motion was waived by the respondent, and the order cannot now be regarded as irregular.

So much of the order appealed from as vacates the order of January 8, 1887, enlarging the time, etc., and also so much of the order as denies the motion asked for in the second clause of the notice of motion, is reversed. In all other respects the order is affirmed, without costs of this appeal to either party.

SMITH, P. J., BRADLEY and HAIGHT, JJ., concurred.

So much of the order as vacates the order of January eighth, enlarging the time, etc., and, also, so much of the order as denies the relief asked for in the second branch of the defendant's notice of motion, is reversed. In all other respects the order is affirmed, without costs of appeal to either party.