## PROVIDENCE.

---

### WILLIAM FITCH *vs.* AARON C. RICHARD *et ux.*

A final decree in an equity cause cannot be amended on motion or petition, after the expiration of a year from the entry of the decree.

*Query*, whether a bill of review would lie.

BILL IN EQUITY for an injunction. On motion to amend a final decree.

A decree was entered granting relief, December 10, 1892. The complainant filed a motion in the cause to amend the decree June 4, 1894.

*June 16, 1894.* PER CURIAM. More than one year having elapsed since the entry of the decree which the complainant

seeks to amend, it is too late to obtain the alteration of it on simple motion or petition, or even on a petition for rehearing. *Hodges* v. *New England Screw Co.*, 3 R. I. 9; *Leach* v. *Jones*, 11 R. I. 386; *Randall* v. *Peckham*, ib. 600, 605.

The only means by which the decree can be amended would seem to be a bill of review, if, indeed, a bill of review, under our practice, can be filed more than a year after the entry of final decree. See cases cited above. 2 Daniel's Ch. Pl. & Pr. * 1576.

The case of *Clark* v. *Hall*, 7 Paige, 382, is not in point, since in that case the decree had been kept open by the defendant's appeal and so had not passed out of the control of the court, the parties being still in court.

*Herbert B. Wood & William Fitch*, for complainant.
*Edward D. Bassett*, for respondent.