THE NEW YORK ICE COMPANY *vs.* THE NORTH WESTERN
INSURANCE COMPANY

After final judgment, dismissing a complaint, has been duly rendered and en-
tered, which judgment is precisely what it was intended to be, and disposes
of the whole case, the court will not, in the absence of any allegation, or
pretense of mistake or omission, amend such judgment, on *motion*, upon
considerations not presented at the hearing, in order to give to the plaintiff
relief not then contemplated.

APPEAL from an order granted at a special term, permit-
ting the plaintiff to amend the judgment in this action
by which the complaint was dismissed.

*By the Court*, BONNEY, J. This action was tried at special
term, and on the 23d of December, 1859, judgment was ren-
dered that the complaint be dismissed without prejudice to
the plaintiff's right to bring an action at law upon the policy
of insurance set out in the complaint. On application of the
plaintiff an order was made at a special term, on the 5th of
July, 1860, that said order, (judgment,) dated 23d Decem-
ber, 1859, be amemded as of 5th July, 1860, by adding, after
the words "set out in the complaint," the words "or the
plaintiffs may serve a new complaint at law in this action,
on payment, by the plaintiffs to the defendants of all inter-
locutory costs since the filing of the complaint, and costs of
this motion, ten dollars." From this order of July 5th the
plaintiff has appealed.

By the terms of said policy the time within which an ac-
tion may be brought upon it is limited, and that time has
expired; and the amendment of this judgment is therefore
necessary to enable the plaintiff to prosecute an action at
law upon it. The amendment appears to me not unreason-
able or inequitable, but I do not see that the court has any
power to make it. Final judgment dismissing the com-
plaint was duly rendered and entered. And there is no
allegation or pretense of any mistake or omission therein.

The judgment is precisely what it was intended to be, and disposes of the whole case. The amendment has been asked for and granted upon considerations not presented to the court at the hearing, and is intended to give to the plaintiff relief not then contemplated by any one. The code, (§ 173,) authorizes the court, *after judgment,* to amend any pleading, process or proceeding, by adding or striking out the name of any party; by correcting a mistake in any respect; by inserting other allegations material to the case; or conforming the pleadings or proceedings to the facts proved. But such authority does not reach this case.

In the case of *Clark* v. *Hall,* (7 *Paige,* 382,) it was held by the chancellor that a decree cannot be varied in substance, without a re-hearing; but that it may be amended or corrected on motion, as to mere clerical errors, or by inserting any provision or direction which would have been inserted, as a matter of course, if the same had been asked for at the hearing, as a necessary or proper clause to carry into effect the decision of the court.

This case states the power to amend a decree or judgment, on motion, in as broad terms as any that has been cited or fallen under my notice; but in my opinion it is not authority for making the order now before us. And in my judgment that order should be reversed, with ten dollars costs of appeal, to the appellant.

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Ingraham* and *Bonney,* Justices.]