## SUPREME COURT.

### ELIZABETH E. LILLIE agt. WILLIAM SHERMAN *et al.*

A *decree*, in 1870, of a *mortgage foreclosure*, upon a mortgage given in 1860, directing
that the plaintiff be paid the sum of —— dollars, from the proceeds of the sale,
means "dollars" in the present legal tender currency of the United States.

If the plaintiff is entitled to payment in *gold*, the error in the decree is a judicial one
and cannot be corrected on *motion*.

*Monroe Special Term, March,* 1870.

ACTION brought to foreclose a mortgage executed in
1860. A decree of foreclosure was made in January, 1870,
directing a sale of the premises by the sheriff of Wayne
county, and the payment to the plaintiff, from the avails,
of $3,555 92, and .costs.

Pending the notice of sale on such decree, the plaintiff
made a motion to amend the decree by directing payment
to the plaintiff in gold or its equivalent.

The second mortgagee opposed the motion.

HENRY R. DURFEE, *for the motion,*

*Cited Hepburn* agt. *Griswold, U. S. supreme court, March*
1870.

CHARLES McLOUTH, *opposed,*

Argued the points :

I. The court has not the power to amend a judgment or
decree in substance. *(Code, § 173.)*

II. The error, if any, is a judicial one, which cannot be
corrected on motion. *(Hotaling* agt. *Marsh,* 14 *Abb.,* 161;

*Clark* agt. *Hall,* 7 *Paige,* 382; *N. Y. Ice Co.* agt. *N. W. Ins. Co.,* 32 *Barb.,* 534; *Barnard* agt. *Bruce,* 21 *How.,* 360.)

III. If any motion could be sustained, it should be a motion for a rehearing, alleging mistake, &c. (*Same cases.*)

IV. The mortgage debt, which by the case of *Hepburn* agt. *Griswold,* might have been payable in gold, merged in the judgment. The amount payable on that judgment may be satisfied with any currency which would pay a debt contracted at the date of the judgment. (*Stackpole* agt. *Robbins,* 47 *Barb.,* 212; *Suydam* agt. *Barber,* 18 *N. Y.,* 468; *Goodrich* agt. *Dunbar.* 17 *Barb.,* 644.)

DWIGHT, J.—I think the motion must be denied. The judgment adjudicated that there was due to the plaintiff the sum of —— dollars, and directs that amount to be paid to her from the proceeds of the sale. There is no ambiguity in the terms of the decree. The term "dollars" there used, meant only dollars in the present legal tender currency of the United States. If upon the facts of the case, the plaintiff was entitled to a greater sum, or to payment in a currency of a greater value, the error in the decree was a judicial one, and cannot be corrected on motion. (*Hotaling* agt. *Marsh,* 14 *Abb.,* 161; *Clark* agt. *Hall,* 7 *Paige,* 382; *N. Y. Ice Co.* agt. *N. W. Ins. Co.,* 32 *Barb.,* 534; *Barnard* agt. *Bruee,* 21 *How.,* 360.)

Motion denied with $10 costs.