HECTOR McLEAN, AS ASSIGNEE, ETC., APPELLANT. *v.* JAMES T. STEWART, IMPLEADED WITH ALBERT GALLUP, RESPONDENT.

*Judgment — power of Special Term to alter it, on motion.*

The F. & M. Bank of Rochester holding a note for $1,000, made by S. & M. Hutchins, delivered the same to Stewart, one of the directors, who recovered a judgment in his own name for $1,140 damages and $22.80 costs, which costs Stewart claimed to have paid to his attorneys. This action was brought by the assignee in bankruptcy of the bank against Stewart and the sheriff to compel the latter to pay over the whole amount of the judgment ($1,162,80), which he had collected and held in his hands. The case was tried before a justice of the Supreme Court without a jury, and judgment was entered in favor of the plaintiff September 15, 1877, directing the whole amount to be paid to him. No evidence was given upon the trial to show that Stewart had paid the $22.80 to his attorney. Upon a motion made by defendant after the entry of the judgment, it was ordered by the judge, before whom the action was tried, that the judgment be amended so as to direct that as to the $22.80 the plaintiff should hold the same intrust for Stewart, and pay it over to him upon demand.
*Held*, that the Special Term had no power to alter the judgment upon motion; that the proposed change related to the merits, and was covered by the decision already made; that, if proper, such change could only be made after a rehearing before the trial judge upon the case being sent back to him, or after a review by an appellate court.

APPEAL from an order made by the Monroe Special Term on the 6th day of December, 1877, altering the decision of the trial judge who heard this cause without a jury, and also changing the judgment entered upon such decision. The Farmers and Mechanics' Bank of Rochester held a note made by S. C. and M. A. Hutchins for $1,000, and the note was delivered to Stewart, who was a director in said bank, and a suit was brought upon it in Stewart's name and judgment obtained by McDonald & Raines as attorneys for $1,140 debt and $22.80 costs, making, together, $1,162.80. The $22.80 costs were paid by Stewart to his attorneys 4th of December, 1875.

This action was brought by the assignee in bankruptcy of the bank against Stewart and the sheriff of Albany county, who had collected the judgment and held the money, to compel the latter to pay it over to the plaintiff.

In this case the findings of fact and law were signed by the trial judge on the 23d of August, 1877, and filed September 4, 1877. The decision provides that the moneys in the hands of the defendant Gallup, as sheriff of Albany, held upon the execution issued on the Stewart judgment (costs as well debt) shall be paid over to the plaintiff. The conclusion of law in said decision was " that such money belongs to the plaintiff, and that he is entitled to a judgment that the same be paid over to him by the defendant Albert Gallup." Judgment was entered in accordance with said decision September 15, 1877, which provided, viz: " The said Albert Gallup is hereby ordered and directed to pay to the plaintiff, on the production of a certified copy of the judgment, the said sum $1,162.80 and interest," etc. The defendant Gallup paid over said money before the order appealed from was made. After the counsel in this case had been before a Special Term to argue other motions in a term held by the same justice who tried this action, they had some conversation on the 29th of August, 1877, as to the decision in this case, and as to a provision that the item of $22.80 should be paid to defendant Stewart by Gallup the sheriff, as it was claimed that Stewart had paid the same to his attorneys. That fact was questioned, and the justice made some intimation to the effect that if Stewart had paid the $22.80, he should have that sum from Gallup. No agreement was made then between the counsel. The decision was filed and judgment entered as aforesaid. A motion was made to correct the decision and the judgment, if one should be entered. The motion was noticed for September 24, 1877, and was ordered over to the December Term to be held, and which was held by the same justice who presided at the trial of this action.

The order made changed the decision as to the $22.80, and provided, viz: " But, as to the said sum of $22.80 and the increase thereof, the plaintiff holds the same as trustee for said Stewart." And the judgment was amended in a similar respect, so as to adjudge additionally, to wit: " And it is further adjudged that, as to the sum of $22.80 and the increase thereof; parcel of said money, the plaintiff upon receiving the same of said Gallup hold the same as trustee for said Stewart to be paid over to him on demand," and the clerk was directed to

make "such insertions *in said judgment-roll* and in the book of judgments."

The order also allowed ten dollars costs of the motion to Stewart, against the plaintiff as assignee in bankruptcy of said bank.

*John Van Voorhis*, for the appellant.

*Theodore Bacon*, for the respondent.

HARDIN, J. :

The principal question presented involves the right of the Special Term to amend a decision of the cause, which had been made, signed and delivered, as of a prior term when the cause was tried, and also the right to change the judgment, entered in accordance with the decision as made, so that it should conform to the change made in the findings of fact and law, after they were made as required by the order appealed from. There was no evidence given upon the trial that Stewart had paid the costs to the attorneys in the action when the judgment was recovered. There was, therefore, nothing for the trial judge to act upon in separating the damages from the costs as to the right of the plaintiff to recover. Nor was there any mistake made by the trial judge in respect to the facts and law found by him upon the evidence before him, when he deliberated and decided and signed his decision. The case cited from 19 Johnson, 244 (*Mechanics' Bank* v. *Minthorne*), differs from this one. There the clerk who made the assessment of damages upon an indorsement of a note of $7,000 made a mistake in calculating the interest one year too short, and the error of $525 was not discovered until the judgment had been paid and satisfied of record. The court, upon application, granted a provisional order to the effect that if the defendant did not pay the $525 in thirty days, then "the clerk *re-assess* the damages of the plaintiff," allowing the defendant for all sums he had paid after the prior assessment. It was held to be a case of *clear mistake*. (*Wardell* v. *Eden*, 2 Johnson's Cases, 121.)

There is a *dictum* of SUTHERLAND, J., in *Pitt* v. *Davison* (12 Abb., 387), in a Special Term case, to the effect that the court

has power after entry of a decree in requirement of specific performance to amend it so as to require payment of damages instead, where the proper facts exist and appeared upon the hearing, or to order a referee to ascertain the facts for the purpose of amending a decree, where it was not in accordance with the facts surrounding the parties at the time the decree was settled, and it had become impossible for the party to convey; and the judge said the decree should have recited the reason and fact of such impossibility, and in place of decreeing specific performance should have decreed compensation in damages. The judge expresses incidentally the opinion that such change could be made, and that too, upon the ground "that it was no error of the court in point of law, but an error arising from the omission of a fact."

The case of *The N. Y. Ice Co.* v. *The N. W. Ins. Co.*, as reported in 23 N. Y., 358, has been cited by the respondent's counsel, and as reported in 32 Barb., 534, by the appellant's counsel. The action was brought to recover upon a policy of insurance, and to reform it, if it should be found necessary. It was tried before INGRAHAM, J., at Special Term, and he held that a case for relief had not been made out, and dismissed the complaint. The plaintiff there asked to have a trial upon the policy as it stood, without reformation. This was refused, and he dismissed the complaint without prejudice to the right to bring a new action. The plaintiff then discovered that the time to sue was limited, and made a motion for and obtained leave to " serve a new complaint at law." Upon appeal the order was reversed. (32 Barb., 534.) BONNEY, J., said : " The amendment appears to me not unreasonable or *inequitable*, but I do not see that the court has any power to make it. Final judgment dismissing the complaint was duly rendered and entered. And there is no allegation or pretense of any mistake or omission therein. The judgment is precisely what it was intended to be, and disposes of the whole case. The amendment has been asked for and granted upon considerations not presented to the court at the hearing, and is intended to give to the plaintiff relief not then contemplated by any one." He then quotes *Clark* v. *Hall* (7 Paige, 382), where it was held by the Chancellor, that a decree cannot be varied in substance without a *rehearing;* but that it may be amended or corrected on motion as to mere clerical errors,

or by inserting any provision or direction which would have been inserted as a matter of course, if the same had been asked for at the hearing as a necessary or proper clause to carry into effect the decision of the court. The order of the Special Term was reversed upon that opinion of BONNEY, J.

An appeal was taken to the Court of Appeals, and the opinion delivered by COMSTOCK, J., and reported 23 N. Y. (*supra.*) The opinion is to the effect: first, that the order is not appealable, and the decision is put upon that ground; second, and it also discussed the error of the judge in refusing a trial of the question of the right to recover at law, and suggests that an appeal brought from that judgment would lead to the correction of the error; third, that the amendment might have been made at the trial, and the *dictum* as expressed, that it could be made after judgment, and a new trial ordered in respect to the matters freshly brought into the case by the amendment.

Subsequent to the chancellor's decision in *Clark* v. *Hall* (*supra*), the vice-chancellor followed it, and stated "the rule is not to vary or alter a decree in a material part on motion or petition; a rehearing should be had for such purpose." "A decree cannot be varied, in substance, on petition without a rehearing." (*Ray* v. *Connor*, 3 Eds. Chy., 504.) In *Hotaling* v. *Marsh* (14 Abb., 161), the New York General Term held, in 1862, that mistakes which may be amended under section 173 of the Code do not include judicial errors in rendering judgment. LEONARD, J., said the "amendment now asked for is one that relates to the relief granted by the court on the hearing of the cause, or rather to the omission to grant the whole relief which the case would permit." If a judicial mistake has been made, it has sometimes been corrected by vacating the judgment and rehearing the case on the merits. (Id.) Those cases were followed in *Lillie* v. *Sherman* (39 How., 288), where there was a motion made to amend the decree by directing payment to the plaintiff in gold, or its equivalent, and refused upon the ground that if there was any error in the decree it was judicial. In *Hubbard* v. *Copcutt* (9 Abb. [N. S.], 289), the Court of Appeals held that a court at Special Term cannot modify, in substance, a judgment of the General Term rendered upon a case presenting a verdict taken at Circuit subject to the

opinion of the court at General Term, ALLEN, J., says: "If further evidence was necessary to settle the rights of the parties and enable a proper judgment to be pronounced, it would seem that a retrial would have been proper." (p. 290), *Sheldon* v. *Williams* (52 Barb., 183), opinion by POTTER, J., is to the same effect. (See *Libby* v. *Rosekrans*, 55 Barb., 215.) The case of *Stevens* v. *Veriane* (2 Lans., 90), was one where the referee in an equity action had passed upon the question of costs. Judge MULLIN said: "To alter the adjudication as to costs, upon motion, after judgment, is to vary the judgment, and this can only be done by a court authorized to revise the judgment on appeal, or to review the cause. A judge at Special Term has no such power." (See *Beattie* v. *Qua*, 15 Barb., 132.)

A decision had been made and signed and delivered before any question was made as to the item of $22.80. That decision awarded the whole money in the hands of the defendant Gallup, as sheriff, to the plaintiff, and held, likewise that Stewart had no interest in the money. The changes sought upon special motion may be proper to be made, but they relate to the merits, to the matters covered by the decision, and should be allowed only after a rehearing before the trial judge upon the case being sent back to him, or after a review by a court having power on appeal to review and overhaul the judicial conclusions had upon the evidence adduced upon the trial. Such changes in the findings of fact, of law and alterations of the judgment the Special Term had no power to make.

The order made and appealed from should be reversed, with $10 costs and disbursements, and the motion denied with $10 costs of opposing, and the clerk of Monroe county directed to strike out any alterations made by him in the judgment-roll, in virtue of the order December 6th of 1877.

TALCOTT, P. J., and SMITH, J., concurred.

Ordered accordingly.