GEORGE BULLARD, Appellant, *v.* GATES SHERWOOD et al., Respondents.

Where, under the provisions of the Code of Civil Procedure (§§ 420, 1212) in case of default, final judgment may be entered by the clerk, and the complaint is sworn to, the clerk has no discretion but "judgment must be entered for the sum for which the complaint demands judgment," (§ 1213) unless plaintiff elect to take a smaller sum, and when the complaint asks for a certain sum with interest, the computation of interest must be made by the clerk ; the defendant, by his default, admits both the right of recovery and its amount.

A judgment so entered cannot be modified on motion.

Where, therefore, in an action by an attorney for professional services, the complaint, which was verified, asked judgment for a sum specified as the value of the services with interest, and the defendants made default, *held*, that the clerk properly computed and included interest in the judgment ; that if error existed in allowing interest it was a judicial error, and one of substance which could not be corrected on motion ; and that an order striking out the interest was error.

*Argall* v. *Pitts* (78 N. Y. 243), *Wright* v. *Hooker* (10 id. 59), *Frick* v. *White* (57 id. 107), distinguished.

*It seems* that the remedy of defendants, if interest was illegally charged, was to excuse their default and ask to come in and defend ; and then, if permission was granted, offer judgment for the amount they admitted to be just, and defend as to the residue.

*Bullard* v. *Sherwood* (*Mem.*) (22 Hun, 462), reversed.

(Argued April 19, 1881 ; decided May 3, 1881.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made October 5, 1880, reversing an order of Special Term which denied a motion on the part of defendant Sherwood, for a modification of the judgment entered herein, by striking out the interest allowed, and granting the relief asked for. (Reported below, 22 Hun, 462.)

This action was brought by plaintiff, an attorney, to recover for professional services and disbursements. The complaint stated the value of the services and the expenses, and asked judgment for the amount, with interest upon the items from dates specified. The summons and complaint were personally served; the complaint was verified; the defendants made default. Judgment was entered by the clerk, who computed interest as asked for in the complaint, and included it in the judgment. The Special Term denied the motion, but ·allowed Sherwood to come in on terms and defend as to one of the counts of the complaint.

*H. E. Sickels* for appellant. The order of the General Term is an order "affecting a substantial right and not resting in discretion" which decides a "question of practice," and is reviewable here. (New Code, § 190, sub. 2.) The question of practice was correctly determined by the clerk. (Code, §§ 420–1212, 1213.) Even if the judgment was erroneous the error was judicial and one of substance, and it could not be corrected on motion. (*Lillie* v. *Sherman*, 39 How. Pr. 287; *Libby* v. *Rosecrans*, 55 Barb. 203; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 32 id. 534.) Upon the facts proved plaintiff was entitled to recover interest. (*Adams* v. *Fort Plain Bk.*, 36 N. Y. 255; *Mygatt* v. *Wilcox*, 45 id. 306; 1 Lans. 56; *Howe* v. *Heath*, 3 Hun, 283.) The right to recover interest grows out of, and depends upon the duty or obligation to pay the principal debt, and should be allowed from the time the duty or obligation arises. (*Van Rensselaer* v. *Jewett*, 2 Comst. 135; *Dana* v. *Fiedler*, 2 Kern. 30.) The implied agreement of a client, when there is no express agreement, is that he will pay upon the termination of the proceedings what the services rendered therein

shall be reasonably worth. The legal rights of the parties under such an agreement are precisely the same as though an express agreement had been made to pay at that time. (New Code, § 66; *Bk. of Albion* v. *Smith*, 27 Barb. 489.) The attorney has a lien on the fund recovered to the amount of the value of his services, and is considered an assignee to the extent of this lien. (*Martin* v. *Hawks*, 15 Johns. 405; *Rooney* v. *Fifth Ave. R. R. Co.*, 18 N. Y. 405.) The rule of damages requires compensation to be made by the party in default. (*Perrin* v. *Perrue*, 10 Hun, 575; *Reid* v. *Rensselaer Glass Factory*, 3 Cow. 393; *Van Buren* v. *Gaasbeck*, 4 id. 496; *Holmes* v. *Rankin*, 17 Barb. 454; *Hadley* v. *Ayers*, 12 Abb. [N. S.] 240; *McMahon* v. *Erie R. R. Co.*, 40 N. Y. 463; *McCullom* v. *Seward*, 62 id. 316.) When it can be said, from the facts and circumstances of the case, that the parties understand that their relations with each other have been brought to a close, the obligation to pay is incurred and interest is allowed. (*McMahon* v. *Erie R. R. Co.*, 20 N. Y. 463; *McCullom* v. *Seward*, 62 id. 316; *Munn* v. *Vose*, 67 id. 56; *Delavalette* v. *Wendall*, 75 id. 579; *White* v. *Miller*, 78 id. 393.)

*John Cunneen* for respondents. The plaintiff was not entitled to recover interest. His complaint did not contain a single statement to show that his claim had been liquidated. "The recovery rested on a *quantum meruit*." (*Gallup* v. *Perue*, 10 Hun, 575; *Wright* v. *Hooker*, 10 N. Y. 59; 36 id. 637; *Argall* v. *Pitts*, 78 id. 243; *Frick* v. *White*, 57 id. 107.) Defendants could not take the objection, that plaintiff was not entitled to interest, in any different manner than by motion. (*Drake* v. *Cockroft*, 10 How. 377; *Hackett* v. *Richards*, 3 E. D. Smith, 31, 35; *Connoss* v. *Meir*, 2 id. 314; *Cutting* v. *Lincoln*, 9 Abb. [N. S.] 436; *Pierson* v. *Cooley*, 1 C. R. 91; *McKenzie* v. *Farrell*, 4 Bosw. 192; *Woodruff* v. *Cook*, 25 Barb. 505; *Hecker* v. *Degroot*, 15 How. 314; *Andrews* v. *Shaffer et al.*, 12 id. 443; *Beale* v. *Hays*, 5 Sandf. 640.) It is the duty of the clerk to simply look at the prayer for relief and enter judgment for its amount, if the complaint is verified. " Or, at

the plaintiff's option, for a smaller sum." (Code, § 1213.) The section contemplates that if the plaintiff, " at his option," takes a judgment not warranted by his sworn evidence, that the court will at "its option" set this wrongful act right and correct the judgment. (*Matter of Carlton St.*, 9 Weekly Dig. 164; *Dietz* v. *Fairish*, 43 N. Y. Supr. 87.)

FINCH, J. Judgment in this case was taken by default. Its entry by the clerk was an exact and literal compliance with the provisions of the Code. That directs, in a case where application to the court is unnecessary, and where the summons and complaint have been personally served, and the latter is verified, that the judgment be entered for the sum demanded in the complaint, unless the plaintiff chooses to dictate a smaller sum, and for this purpose the clerk is authorized to compute interest if necessary. The party, therefore, who makes default in presence of these provisions practically consents to such entry of judgment. He thereby admits that he is indebted in the full amount claimed and concedes that judgment should be entered for that sum. In a case where judgment can only be taken on application to the court, it may well be said, as the respondent claims, that a default admits only the facts pleaded and not the legal conclusions of liability, or its extent. The cases cited by the respondent were of that character. (*Argall* v. *Pitts*, 78 N. Y. 243; *Wright* v. *Hooker*, 10 id. 59; *Frick* v. *White*, 57 id. 107.) The very requirement of an application to the court implies a judicial determination of the proper judgment to be rendered which is not at all controlled by the legal conclusions of the pleader. But the result is different where no application is necessary. There the sum demanded must be awarded, and no discretion is lodged anywhere. It is the inevitable consequence of a default, and the party in default must be taken to have admitted both the right of recovery and its amount. It is for this reason that he cannot appeal. To permit that would enable him to retract his consent, and contradict his admission. What could not be done by an appeal ought not to be allowed to be done

by a motion.    To permit it would furnish a way to circumvent the rule.    In the present case, the question raised and argued is the plaintiff's right to recover interest.    That is a matter of substance and not of form.    It was conceded by the default, and yet, in the form of a motion, has been contested with all the force and effect of an appeal.    If that can be done as to a part of plaintiff's claim why not as to the whole?    And if that is possible it amounts almost to a demurrer after judgment. We agree, therefore, with the conclusions reached by the Special Term.    The only proper remedy of the defendants, if illegally charged with interest, was to excuse their default, and come in and defend.    They could then offer judgment for the amount they admitted to be just and defend as to the residue.    Whether the interest claimed was proper and lawful is a question they ought not to be permitted to raise so long as they stand in the attitude of having admitted its justice and legality by their default.    They must change that position or submit.    The cases cited on behalf of the appellant sustain his claim that if error existed in the allowance of interest it was a judicial error, and one of substance, which cannot be corrected on motion.    (*Lillie* v. *Sherman*, 39 How. Pr. 287; *Libby* v. *Rosekrans*, 55 Barb. 203; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 32 id. 534.)    It seems to us an unwise precedent to sustain the ruling of the General Term, and likely to lead to undesirable results.    Unless a default can be opened, and the contest proceed regularly, it is best rather to repress than encourage after litigation.

We think, therefore, the order of the General Term should be reversed.    The defendant asks a renewed opportunity to appear and defend.    We are disposed to grant it, but upon the condition as to costs and the statute of limitations imposed by the Special Term, and upon the further condition of the payment of costs of the appeals.

The order of General Term should be reversed, and that of Special Term affirmed, with costs; with leave to defendant to appear and plead in the action within ten days after service of a copy of this order, upon payment within such time of the costs

of the appeals, and upon the conditions, within the time hereby allowed, of the order of the Special Term.

All concur, except FOLGER, Ch. J., dissenting.

Ordered accordingly.