(9 Misc. Rep. 322.)

## WINTERSON v. HITCHINGS et al.

(Common Pleas of New York City and County, Special Term.   June, 1894.)

1. REVERSAL ON APPEAL—ACTION FOR RESTITUTION.
    An action may be maintained to annul a sale under an execution issued upon a judgment subsequently reversed.

2. SAME—SETTING ASIDE SALE AFTER REVERSAL OF JUDGMENT.
    The complaint in an action to annul a sale under execution issued on a judgment subsequently reversed need not contain an offer to pay a second judgment rendered against complainant upon a new trial.

Action by Maria L. Winterson against Hector M. Hitchings and others to annul a sale of plaintiff's real estate under an execution issued on a judgment which was afterwards reversed on appeal. Defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   Overruled.

E. F. & E. G. Bullard, for plaintiff.
Hector M. Hitchings, for defendants.

BISCHOFF, J.   The purport of this action is to set aside a sale of the plaintiff's real property under an execution issued upon a judgment of the city court of New York, which was subsequently reversed on appeal to this court.   Defendant Hitchings, the purchaser at the sale, was the attorney for the judgment creditor, and to him the judgment is alleged to have been assigned after issuance of the execution by him as attorney, and prior to the sale.   The sheriff's deed to the purchaser remains undelivered, and the judgment debtor continues in possession of the property sold.   Therefore, the annulment of the sale is the specific relief which the plaintiff seeks by way of restitution.   The complaint states that upon a new trial, after reversal of the judgment under which the sale was had, recovery was again had by the plaintiff in the city court action, and that it is the intention of the plaintiff in this action to appeal from such second judgment.   It is not alleged that the second judgment is secured upon appeal.   Neither does the plaintiff aver that she tendered the amount of the second judgment before the institution of this action, or that she is ready and willing to pay said amount if she is accorded the relief sought by her.

The defendant Hitchings has demurred to the complaint upon the ground that the facts alleged are insufficient, in law, to constitute a cause of action.

No doubt exists respecting the plaintiff's right to seek restitution by action, the provisions of the Code of Civil Procedure for the relief upon summary application being cumulative and not exclusive (Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963; Clark v. Pinney, 6 Cow. 298; Duncan v. Ware, 24 Am. Dec. 772; Maghee v. Kellogg, 24 Wend. 32), and the annulment of the sale under an execution issued upon a judgment which was subsequently reversed is in the nature of restitution (McJilton v. Love, 54 Am. Dec. 449). Such annulment is authorized, unless the purchase is one in good faith, and without notice of defects in the judgment under which the sale was made. Id. The assignee of the judgment is, by force of the assignment to him, a party to the record, and, as such party, chargeable with notice of any defect in the proceedings. If he has purchased the property of the judgment debtor at a sale under an execution issued at his instance, he may be divested of the title to the property so acquired, upon reversal of the judgment. McJilton v. Love, supra; Reynolds v. Harris, 14 Cal. 667; 2 Black, Judgm. § 955. Furthermore, the attorney for the judgment creditor is assumed to have notice of the same defects, and, if he becomes the purchaser under the judgment upon a sale directed by him, he stands in no better position than does his client. Simonds v. Catlin, 2 Caines, 61; Galpin v. Page, 18 Wall. 350, 373.

The complaint, then, as to the sale under the first judgment, presents a cause of action against the defendant, but consideration must be given to the further allegation that a second judgment, now undisturbed, was rendered in the judgment creditor's favor in the city court action. Until reversed or set aside, this second judgment is to be considered valid. No presumption is allowable that the judgment debtor will be successful upon her appeal. Carman v. Pultz, 21 N. Y. 547; Hawes, Jur. § 257. Had the judgment debtor's property been sold under the first judgment to a stranger to the record, and the avails applied towards the satisfaction of the judgment, the measure of the restitution to which the plaintiff would have become entitled upon reversal of the judgment would have been in the excess of the sum received by the judgment creditor over the amount of his second recovery. Marshall v. Macy, 9 Wkly. Dig. 21. And, having voluntarily come into equity to apply for relief, the plaintiff in this action will be deemed to have submitted herself to the invocation of the rule that he who seeks equity must do equity. Pom. Eq. Jur. § 385, etc.; Beach, Mod. Eq. Jur. §§ 13, 137; Tuthill v. Morris, 81 N. Y. 94, 100; Thomas v. Evans, 105 N. Y. 606, 614, 12 N. E. 571. Accordingly, the relief which she seeks to obtain will only be extended to the plaintiff upon satisfaction of the defendant's demand under the second judgment. The equitable rule alluded to, however, is not one of pleading, and pertains only to the administration of the relief to be awarded. Hence, it is not necessary to aver in the complaint that the plaintiff has tendered the sum owing by her, or that she is ready and willing to pay it. In this the rule is

to be distinguished from the rule applicable to pleading, which requires an allegation of performance of a condition precedent to the right to institute and maintain an action. That in an action for equitable relief the plaintiff is not required to allege that he is prepared to do equity was held in Hay v. Hay, 13 Hun, 315, in which case a demurrer based upon the absence of such an allegation was overruled. In this regard I cannot do better than to refer counsel to the views expressed by the learned annotator in the note to Metropolitan El. Ry. Co. v. Manhattan Ry. Co., 14 Abb. N. C. 103, 307:

"A question closely connected with this subject is whether a bill in which an offer to do equity is not made is open to a demurrer. In Gould v. Bank, 86 N. Y. 83, it was held that in an equitable action such an offer was sufficient, but the question whether an omission made the bill demurrable was not before the court. In the case of Hay v. Hay, 13 Hun, 315, the question was answered in the negative. The court held that, while the condition to return the property received will be imposed, whether there be an offer in the complaint or not, it must be considered as merely a condition for granting relief, not of instituting the suit. This seems to be in harmony with the general rule of equity pleading. See Town of Venice v. Woodruff, 62 N. Y. 462, 471; Quin v. Brittain, 1 Hoff. Ch. 353; Whelan v. Reilly, 61 Mo. 569; 2 Story, Eq. Jur. 693, 694."

What has been said leads to the conclusion that the complaint is not assailable for insufficiency. The demurrer must therefore be overruled. Defendant may have leave to answer upon payment of the costs of the demurrer.