(10 Misc. Rep. 396.)

### WINTERSON v. HITCHINGS et al.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

REVERSAL OF JUDGMENT—RESTITUTION—LAND SOLD UNDER EXECUTION.

Where a judgment is reversed on appeal, an assignee of the judgment who bought land at an execution sale thereunder must restore the land to the judgment debtor, and cannot hold it as security for a judgment recovered on a second trial of the action.

Appeal from special term.

Action by Maria L. Winterson against Hector M. Hitchings and John B. Sexton, as late sheriff of the city and county of New York, to restrain the ex-sheriff from executing a deed of land sold under an execution, and to set aside the sale. A demurrer to the complaint was overruled (30 N. Y. Supp. 260), and defendant Hitchings appeals. Affirmed.

This was an action in equity to obtain restitution of property sold under execution upon a judgment which was reversed. The appellant, Hitchings,

was the purchaser at the sheriff's sale, and was also the assignee of the judgment and the attorney for the plaintiff therein. No deed has yet been delivered to him by the sheriff. The judgment obtained by his client, Louise Carlson, against this plaintiff, Maria L. Winterson, was for $637.15, entered June 15, 1892. It was assigned to Mr. Hitchings on or before July 26, 1892, The sale took place September 1, 1892, and the judgment was afterwards reversed by this court, and a new trial ordered before this action was brought. A new trial was had, resulting again in a verdict for the plaintiff, Mrs. Carlson, against this plaintiff, Mrs. Winterson.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Hector M. Hitchings, in pro. per.
E. F. & E. G. Bullard, for respondent.

DALY, C. J. The demurrer of the purchaser and assignee questions the right of the plaintiff to recover in any event, or to recover without a tender or offer to pay the amount due upon the second judgment. The demurrer was overruled at special term, and from such decision this appeal is taken. As assignee of the judgment, the purchaser stands in the same position as the judgment creditor would be. McJilton v. Love, 54 Am. Dec. 449; Reynolds v. Harris, 14 Cal. 667; Black, Judgm. § 955. If the purchaser had been a stranger to the record, his title would not be affected by the reversal of the judgment. Wood v. Jackson, 8 Wend. 9, 36; Breese v. Bange, 2 E. D. Smith, 474, 493. If, being the attorney who procured the judgment, but not the assignee of it, he had purchased at the sheriff's sale, he would be compelled to make restitution (Simonds v. Catlin, 2 Caines, 61; Galpin v. Page, 18 Wall. 350, 373), although had he, as such purchaser, paid the amount of his bid to the sheriff, he would undoubtedly be entitled to repayment before restitution would be compelled, and tender of repayment would be a prerequisite to an action against him. But, as assignee of the judgment, he became a party to the record, and, as such, chargeable with all defects in it, and liable upon its reversal to proceedings for the restoration of all he received under it. The right of action against him accrued immediately upon the reversal of his judgment, and there was nothing to tender him as a condition to bringing it. When the judgment was reversed, the defendant therein was entitled at common law to be restored to all he had lost by the execution of the judgment of the court. 21 Am. & Eng. Enc. Law, 293. He held the property purchased under the execution, subject to any order or judgment the court might make for its restitution. The recovery of a second judgment for the same claim gave him no lien on the property which the judgment debtor must offer to satisfy before claiming restitution. Such subsequent judgment only afforded a ground or claim for equitable consideration when the rights of the parties were submitted to the court for adjudication. The legal right to retain anything obtained by virtue of the reversed judgment is gone, and the property acquired under it cannot be held as security for the subsequent judgment, so as to entitle him to retain it as matter of legal right until his claim was satisfied. The demurrer was therefore properly overruled, and the judgment must be affirmed. All concur.