(13 Misc. Rep. 201.)

### WINTERSON v. HITCHINGS et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

EXECUTION—ACTION TO SET ASIDE SALE. ·

> After real estate had been sold under execution, the judgment on which the execution was issued was reversed, and a new trial was had, on which plaintiff in the action again recovered judgment. *Held*, in an action by defendant to annul the sale, that such relief asked would be granted only on condition that the judgment rendered on the second trial be paid, and it was immaterial that after a demurrer to the complaint in the action to annul the sale on the ground that it did not allege an offer to pay such judgment was overruled, with leave to answer, defendant nevertheless did not answer or offer to pay the costs of the demurrer, as his default did not admit a right to the relief demanded, but only admitted the facts properly pleaded.

Appeal from special term.

Action by Maria L. Winterson against Hector M. Hitchings and John B. Sexton, as sheriff of the city and county of New York. Judgment was rendered in favor of plaintiff, and defendant Hitchings appeals. Reversed.

This action was, in effect, for restitution, and to restrain the sheriff from executing a deed under a sale already made by him, and to vacate and cancel such sale and the certificate thereof. The sale was made in execution of a judgment in Carlson v. Winterson, rendered in favor of plaintiff therein, and assigned to Hector M. Hitchings, who became the purchaser at the sale. This judgment was reversed after the sale had been made, and a new trial was granted. 22 N. Y. Supp. 553. Upon the new trial, the plaintiff again recovered, and this action for restitution was then begun. The judgment rendered upon the verdict in the second trial has since been affirmed both by the city court and by this court. 29 N. Y. Supp. 1142; 31 N. Y. Supp. 430. The complaint in the present action was demurred to by the defendant upon the ground that it contained no offer to pay the second judgment recovered and held by the defendant against the plaintiff, but the court at special term overruled the demurrer, with leave to answer upon payment of costs, which judgment the general term affirmed, with costs. 30 N. Y. Supp. 260; 31

N. Y. Supp. 127. Instead of paying costs and answering, the defendant allowed the time for answering to pass, in reliance, as he claims, upon the fact that all allegations necessary to properly present the question to a court of equity were contained in the complaint, and upon certain passages of the opinions written at special term and at general term upon the decision of the demurrer, intimating that the relief sought in the complaint would only be granted upon satisfaction of the second judgment. As the plaintiff did not move for final judgment, the defendant at last made such a motion upon an affidavit which recounted the history of the matter, and contained an expression of willingness to pay the costs awarded upon the decisions of the demurrer. The proposed judgment was in part as follows: "Now, therefore, it is hereby ordered, adjudged, and decreed that it be, and it is hereby, referred to ——, Esq., as referee, to ascertain and determine the amounts which are due and owing from this plaintiff to the defendant Hitchings, as and for any and all judgments now held and owned by him against the plaintiff herein, with interest, and any and all disbursements incurred by him in and about the sale of the plaintiff's property herein, and any and all proper legal charges and liens owned by him against said property; and that upon the payment by the plaintiff herein of the amount so found due by said referee, together with the costs of the reference, the prayer of the complaint be and it is hereby granted, and that the defendant John B. Sexton be enjoined and restrained from executing to the defendant Hitchings any deed under the sale made September 1, 1892; and that the sheriff's certificate of sale be vacated and canceled of record, and that the plaintiff recover of the defendant Hitchings her said costs and disbursements herein, to wit, the sum of thirty-five and 50/100 dollars; and the sum of sixty-four and 65/100 dollars, amounting in the whole to one hundred and 15/100 dollars." The motion for the entry of the above judgment was denied, and the following, upon motion of the defendant, was ordered instead: "Ordered, that the plaintiff have judgment enjoining and restraining the defendant John B. Sexton, as sheriff, from executing any deed under the sale made Sept. 1, 1892, and that said sale and said sheriff's certificate of sale be vacated and canceled of record, and that plaintiff recover her costs of this action against the defendant Hitchings." From the judgment entered in accordance with this order the defendant Hitchings now appeals, "and especially from so much of said judgment as fails and neglects to order and adjudge, as a condition of granting the relief therein provided, that the plaintiff should pay to this defendant the amount of the several judgments recovered by one Louise Carlson (the plaintiff in the original action, and who assigned the judgment she therein recovered to Hitchings, her attorney), as plaintiff, against Maria L. Winterson," etc., and he also appeals from the order denying his motion for the above judgment proposed by him.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Hector M. Hitchings, in pro. per.
E. F. Bullard, for respondent.

GIEGERICH, J. Section 1223 of the Code of Civil Procedure declares that:

"Upon an application, by either party, to the court for final judgment, after the decision of an issue at law, as prescribed in the last two sections, the court has the power specified in section 1215 of this act, upon an application for judgment by the plaintiff."

And section 1215 declares:

"The court must thereupon render the judgment to which the plaintiff is entitled. It may, without a jury, or with a jury, if one is present in court, make a computation or assessment, or take an account or proof of a fact, for the purpose of enabling it to render the judgment, or to carry it into effect; or it may, in its discretion, direct a reference, or a writ of inquiry, for either purpose."

By his default the defendant admits only the facts properly pleaded; not that the plaintiff is entitled to the relief demanded, or the extent of that relief. It is for the court to determine, upon the facts, to what relief the plaintiff is entitled. Argall v. Pitts, 78 N. Y. 239; Bullard v. Sherwood, 85 N. Y. 253; Frick v. White, 57 N. Y. 107; Insurance Co. v. Jordan, 46 Hun, 201. In overruling the demurrer to the complaint in this action the judge at special term (9 Misc. Rep. 324, 30 N. Y. Supp. 260) said:

"* * * Having voluntarily come into equity to apply for relief, the plaintiff in this action will be deemed to have submitted herself to the invocation of the rule that he who seeks equity must do equity. * * * Accordingly, the relief which she seeks to obtain will only be extended to the plaintiff upon satisfaction of the defendant's demand under the second judgment."

And the general term, in affirming that judgment (10 Misc. Rep. 398, 31 N. Y. Supp. 127), said:

"The recovery of a second judgment for the same claim gave him no lien on the property which the judgment debtor must offer to satisfy before claiming restitution. Such subsequent judgment only afforded a ground or claim for equitable consideration when the rights of the parties are submitted to the court for adjudication."

The respondent urges that the appellant ought to have paid the interlocutory costs imposed, upon the decisions of the demurrer by the special and general terms, as a condition upon which an answer might be served. We cannot see that such a course would have materially altered the situation of the parties. An answer would not have presented the issues more fully than they are now presented, or in any different form; and the appellant expresses in his affidavit a willingness to pay such costs, and, in fact, introduced in the proposed final judgment submitted by him a provision to that effect. But aside from this, as the parties have submitted themselves to the equitable jurisdiction of the court, the court has the power to grant such a judgment as will fully dispose of all the issues between them involved in the matter submitted.

Having reached the conclusion that the judgment entered was erroneous in that it makes no provision for satisfying the defendant's demand under his second judgment, it follows that the judgment should be reversed, and the matter remanded to the special term for further action, with costs. All concur.