GORMAN v. FINN et al.

(Supreme Court, Appellate Division, First Department. December 14, 1900.)

1. EXECUTION—MAINTENANCE OF LEVY—RECEIVERS.
   It is not necessary, after appointment of a receiver, that a sheriff should appoint keepers to maintain levy of execution theretofore made on property of the corporation.

2. BOND OF DEPUTY SHERIFF—BREACH.
   The act of a deputy sheriff in unnecessarily appointing keepers for property levied on by him, thereby imposing liability on the sheriff for their hire, is a breach of his bond conditioned to save harmless the sheriff touching the execution and return of all such writs as shall be delivered to the sheriff, and to save harmless and indemnified the sheriff from and against all charges against the sheriff by reason of any neglect of the deputy in executing wrongfully, or neglecting to execute, the office of deputy.

Appeal from trial term, New York county.

Two actions by Amelia Gorman, executrix of John J. Gorman, deceased, against Daniel E. Finn and others. From a judgment on verdict for plaintiff, and from orders denying motions for new trial, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PAT-TERSON, and INGRAHAM, JJ.

T. B. Chancellor, for appellants.

John T. Canavan, for respondent.

HATCH, J. These two actions by the same plaintiff against the same defendants were tried together upon stipulation, and the appeals from the judgments in both cases are in one record. The

actions were brought to recover upon the official bond of the defendant Finn given upon his appointment as deputy sheriff for the city and county of New York by John J. Gorman, plaintiff's testator, then sheriff, to recover damages for alleged breaches of the conditions of the same. The defendants Cleary and Crusius are the sureties on said bond. Finn was appointed a deputy sheriff in or about January, 1891, and on April 6, 1893, there were placed in his hands as such deputy two executions against the property of the F. J. Kaldenberg Company, a corporation, issued in actions brought by Charles O. Waite against the corporation upon judgments rendered therein. Finn, in the execution of such process, levied upon the property of the judgment debtor situated in a building in New York City, and employed two keepers,—as claimed by him, by authority and direction of the sheriff, or his attorney,—and put them in charge of the property. On the next day—April 7, 1893—a temporary receiver of the judgment debtor was appointed by the supreme court in proceedings for the dissolution of the corporation. The receiver qualified, and went to the premises where the property levied upon was situated, and claimed to take possession of the property, to the exclusion of the defendant Finn. Finn, however, still claimed possession of the property by virtue of his levy, and the receiver applied to the supreme court on April 29, 1893, and obtained an injunction restraining the sheriff and his deputies from interfering with the receiver's possession of the property in question, or with his continuing and managing the business of the same. This injunction was served upon the defendant Finn on or about April 30, 1893. It does not appear that the defendant Finn attempted to disobey this injunction by interfering with the receiver in his possession or management of the property, but about July 11, 1893, while the receiver was still in possession and carrying on the business, and while the injunction so restraining him from interfering was still operative, Finn employed two men— Hanna and Moyer—as keepers of said property, and, as appears from the testimony, continued their employment as such until about November 1, 1893, when they were discharged. Defendant Finn refused to pay for the services so rendered, whereupon each sued the sheriff, John J. Gorman, therefor, and recovered judgments; the said Hanna for $380.28, and the said Moyer for $420.99. These judgments being liens upon the real estate of the plaintiff's testator, she was obliged to and did pay them, with interest, and then brought these actions against the defendants to recover the amount so paid, upon the theory that the acts of Finn in employing and appointing Hanna and Moyer as keepers of the property were a violation of the conditions of his bond as deputy sheriff. The defense was that the employment and appointment was by and with the authority and direction of the sheriff, in person and by his attorney, and therefore such act was not a breach of the condition of his bond, and that, if not so authorized, the employment of the keepers was not unnecessary or wrongful, and was not a negligent or wrongful execution of the duties of his office of deputy. The question whether or not the keepers were appointed by authority

or direction of the sheriff or his attorney was sharply contested
at the trial, was submitted to the jury, and it has found for the
plaintiff upon that issue. Unless some error was committed in the
charge, the judgments cannot be disturbed upon that question.

It is urged by the appellants that the charge of the court upon
this branch of the case presents reversible error. The jury was
instructed that:

"If no such direction or approval was given to Daniel E. Finn by the sher-
iff's attorney or counsel, then, inasmuch as there was no fair necessity for
incurring the large expense for such keepers in place of the former keepers,
while the receiver was in actual possession under appointment by the court,
the plaintiff is entitled to a verdict."

It is not necessary for us now to decide whether this was error
of law or not, for the reason that no exception was taken to the
charge in this respect. But we may say that it is not clear that
the charge upon this point was reversible error if exception had
been taken. Under most circumstances it would be a question of
fact for the jury to determine whether or not, in the absence of
authority from the sheriff, there was "a fair necessity for incurring
the large expense for such keepers," etc.; but, under the circum-
stances disclosed by the testimony in this case, it is doubted if this
would be so. Defendants' counsel requested the court to charge
that "it was necessary, in order to maintain the levy, for Mr. Finn,
or somebody representing him, to remain in charge." In response
to this request the court said:

"It could have been done by arrangement with the receiver. All they had to
do was to ask the receiver to give them a writing that the receiver would
maintain possession subject to any right that the sheriff might have, and there-
upon the keepers became unnecessary."

This was duly excepted to, and is urged as ground of reversal.
What was said by the court amounted to a denial of the request,
but we are of the opinion that this was not error. As matter
of law it was not necessary that keepers should be appointed in
order to maintain the levy. Counsel does not call our attention
to any authority in support of such position. It is well settled,
however, that execution creditors do not lose their rights by the
appointment of a receiver after the lien of the execution has at-
tached. In this instance the receiver took title to the property of
the corporation as it existed at the date of his appointment; that
is, subject to the lien of any valid levy or other lien upon it. From
the moment of his appointment he became an officer of the court,
and from that time the property was in custodia legis; and the
court had not only the power, but it became its duty, to protect the
rights of those interested in it. The appointment of a receiver could
not work the destruction of vested rights. In re Christian Jensen
Co., 128 N. Y. 550, 553, 28 N. E. 665; In re Lewis & Fowler Mfg.
Co., 89 Hun, 208, 34 N. Y. Supp. 183; Walling v. Miller, 108 N. Y.
173, 15 N. E. 65. In the last case cited the sheriff made a levy
on May 12th, and the receiver was appointed and qualified on May
14th, and ousted the sheriff. The court said:

"The receiver took possession of the property, and thereafter it was in theory
of the law in the possession and custody of the court, and the sheriff had no

right to interfere with it by virtue of the lien under the execution in his hands. The lien of the execution was not destroyed by the appointment of a receiver, but the rights of all parties were thereafter to be adjusted by the court which appointed the receiver, and the property could not be taken out of the hands of the receiver, and sold upon the execution without leave of the court."

This being the rule of law generally applicable to these facts, the deputy could not justify the appointment of keepers on the theory that it was necessary to maintain his execution lien; and, in addition to this, he had been expressly enjoined by the court from any interference. It thus appears that the defendants were not entitled to have the jury instructed as requested, and the refusal so to do was not error.

That the acts of the defendant Finn, if unnecessary, or wrongful, or negligent, were a breach of the conditions of the bond upon which the actions are based, there can be no doubt. This bond provides in its condition, among other things, that the obligors shall "save and keep harmless the said John J. Gorman, sheriff, as aforesaid, * * * touching and concerning the execution and return of all such * * * judgments, process, writs, or warrants of whatever nature so as are or shall be delivered to the sheriff; * * * and shall also save and keep harmless and indemnified the said John J. Gorman * * * from and against all issues, fines, demands, damages, costs, liabilities, and charges whatsoever hereafter to be produced, imposed, prosecuted, demanded, or demandable of or against the said John J. Gorman, as sheriff, as aforesaid, his heirs, executors, or administrators, or his or their goods or chattels, lands or tenements, for or by reason of any other neglect of any kind whatsoever of the said Daniel E. Finn in executing wrongfully or neglecting to execute the said office of deputy sheriff for the said city and county during the time aforesaid." These provisions clearly cover the alleged acts of the defendant Finn in these cases. Judgments have been regularly obtained against the said Gorman for the services alleged to have been rendered by the men appointed by Finn; the plaintiff, as his personal representative, has been obliged to pay the same in order to remove the liens upon the property of the testator created thereby; and the jury in these cases has found in favor of the plaintiff upon all the issues.

One other question remains to be considered. An error was committed in the instructions to the jury as to the amount which plaintiff was entitled to recover upon the Moyer judgment. The court instructed the jury that the recovery in that case, if they found for the plaintiff, should be $677.25. This sum is greater than the amount of the judgment and interest, and there is no proof justifying such a recovery. The judgment was entered May 19, 1894, for $420.09. It was paid by plaintiff on the 6th day of January, 1896, the witness who paid it testifying that he paid $547.85; and this sum, with interest to the date of the trial, amounts to $677.25, the amount for which judgment was directed. But the sum claimed to have been paid is in excess of the amount due on the judgment at the date of payment. The amount then due was:

$462.03. The most plaintiff could recover would be the amount due on the judgment at the time she paid it, with interest to the date of trial. The trial was had and judgment rendered on the 20th day of December, 1899. The interest from January 6, 1896, to that date would be $109.72, making the amount for which judgment should have been rendered $571.75. This error does not make a reversal of the judgment necessary. It may be corrected here.

After a careful consideration of all the questions presented by the record and argument, we have reached the conclusion that the judgment in action called No. 1 should be affirmed, with costs to the respondent; that the judgment in action No. 2 should be modified by inserting the sum of $571.03 as the amount of the recovery in the place and stead of $677.25, and, as so modified, the same should be affirmed, without costs to either party. All concur.