STRAUSS et al. v. BENDHEIM.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF REAL ESTATE.

Executors having a naked power to convert real estate into money, and distribute the proceeds, brought suit for specific performance of a contract executed by them in the exercise of such power, but the devisees, in whom the fee was vested, were not made parties. The decree for specific performance provided that, if defendant refused to perform the contract, the premises should be sold and conveyed by a referee, the proceeds to be applied to the payment of the balance due on the contract, and the surplus, if any, to be paid to the defendant. *Held*, that the referee's deed, executed under such decree, conveyed no title.

2. SAME—CONVEYANCE FOR NOMINAL CONSIDERATION.

Executors having naked power to convert land into money, and distribute the proceeds, have no power to execute a deed of the property to any one for a nominal consideration.

Appeal from special term, New York county.

Action for specific performance by Rosa Strauss and another, as executors of Yetta Ullmann, deceased, against Henry M. Bendheim. There was a sale under the judgment, and the purchaser appeals from an order directing him to complete his purchase. 59 N. Y. Supp. 1054. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Abner C. Thomas, for appellant.
Samuel D. Levy, for respondents.

INGRAHAM, J. The order appealed from directs the appellant, Leopold Hutter, a purchaser at a judicial sale, to complete the purchase by paying the unpaid portion of the purchase money, with interest thereon, and to receive the referee's deed of the premises. The judgment under which this sale was made is quite peculiar, and the purchaser objects to the title on the ground that by the referee's deed he would acquire no title to the property. It appeared from the papers upon which this motion was made that the property in question was vested in one Yetta Ullmann, and that she died in the city of New York on November 17, 1897, leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of New York on December 21, 1897. By her will the testatrix directed that all of her estate, real, personal, and mixed,

be converted into cash by her executors, and the proceeds or money be divided between her two children and the children of a deceased daughter. There was no devise of her real estate, except in the direction to sell and distribute the proceeds as directed. In the exercise of the power of sale, the executors made a contract to convey the premises in question to the defendant for the sum of $12,500. The defendant failed to complete his contract, whereupon this action was commenced by the executors to compel the specific performance of the contract. That action came on for trial, and resulted in a judgment whereby the defendant was directed specifically to perform said contract, and to pay to the plaintiffs or their attorney the sum of $12,277.09, the balance of the purchase money and costs; and providing, further, that, if the defendant refused to receive said deed and pay said sum of $12,277.09 and costs, "said premises hereinbefore described be sold at public auction in one parcel, at the New York Sales Rooms, No. 111 Broadway, New York City, borough of Manhattan, by or under the direction of Edward E. Mc-Call, counselor at law, of the city of New York, who is hereby appointed referee for that purpose; * * * that said referee deliver to the purchaser a deed of the premises sold, on the purchaser's complying with the terms on which the same were sold; that out of the proceeds of said sale, after deducting his fees and the expenses thereof, the said referee pay to the plaintiffs, or to Samuel D. Levy, their attorney, the sum of $12,277.09, balance of purchase money, and $441.96 costs as taxed, amounting in all to $12,719.05, together with interest thereon from December 29, 1898, or so much thereof as the purchase money of the premises will pay, and that he pay to the defendant the surplus arising on said sale, if any, within five days after he receives the same." The property was offered for sale by the referee, and at the sale the appellant became the purchaser for the sum of $13,800, and paid to the referee 10 per cent. of the amount, upon signing the terms of sale. At the time fixed for the completion of his purchase the appellant objected to the title upon the ground, among others, that it was doubtful whether the court had power to authorize this sale by a referee in an action for specific performance brought by executors, in which the beneficiaries under the will were not made parties. Counsel for the plaintiffs then tendered to the purchaser, in addition to the deed executed by the referee, a deed executed by the executors, the consideration named in such deed being one dollar. That deed was declined by the purchaser upon several grounds, objection being taken to the acknowledgment, and also to the fact that the consideration named in the deed was one dollar, and, in substance, that it did not appear that it was in execution of the power of sale contained in the will. The plaintiffs then made this motion to compel the purchaser to complete the purchase, and from an order granting that motion this appeal is taken.

The deed that the referee tendered to the appellant, and which, by the order appealed from, he is directed to accept, after reciting the judgment under which the sale was made, conveyed to the appellant "all the right, title, and interest which the said Rosa Strauss

and Louis Ullmann, executrix and executor of the last will and testament of Yetta Ullmann, deceased, and the said Henry M. Bendheim, the defendant aforesaid, had at the time of the entry of said judgment; it being their interest in said premises so sold and conveyed in and to all that certain lot, piece, or parcel of land" particularly described. We think this deed was utterly insufficient to pass to the purchaser any title to the premises in question. Neither of the parties to the action had any title to the property. In executing the contract of sale, the plaintiffs were exercising a naked power of sale. No trust was created by the will, and no title to the premises vested in the executors, as trustees or otherwise. The defendant had no title to the property, his relation to it being simply that of a party to a contract for the purchase of property. The parties in whom the fee vested, either as heirs at law or as devisees or beneficiaries under the will, were not parties to the action, and their title to the property was not affected by the judgment. Nor did the deed of the referee purport to convey their title. The provisions of this judgment appear to be without precedent, and it is difficult to see upon what theory the court would exercise this power of sale or direct a sale of the property in an action to which neither the beneficiaries nor the persons in whom the fee of the property was vested were parties. Certainly a deed of a referee under such a judgment would not vest the legal title to the property in the grantee. The purchase money realized from the sale under the judgment was not directed to be paid to the plaintiffs. The sum which the defendant was by his contract to have paid for the property was to be paid to the plaintiffs, but the balance was to be paid to the defendant, who had no interest in the property, and certainly was not entitled to receive any part of the proceeds. All the interest that the plaintiffs had in the property was the authority given by the will to execute the power of sale, and to execute and deliver a deed upon receipt by them of the amount for which the property was sold. We think, therefore, that the deed of the referee conveyed no title to the property, and that the purchaser was justified in refusing to accept it, and, as the order appealed from required the purchaser to accept it and pay the purchase price upon its being tendered, the order was erroneous.

Nor do we think that the deed executed by the executors, and which was tendered to the purchaser at the time that the contract was to be performed, would vest such a title to the property in the purchaser as he was bound to accept under a contract for the sale of the premises. The consideration recited in the deed is the sum of one dollar; and the plaintiffs, the parties of the first part, by virtue of the power and authority to them given by the said last will and testament, release unto the party of the second part the property described. But they had no power, under the will, to grant and release this property to any one for a nominal consideration. They had authority to sell the property for the purpose of converting it into money and distributing the proceeds, but a mere confirmatory deed, executed by the executors for a consideration of one dollar, would not be an exercise of this power, especially where

it appeared that the proceeds of the sale were not all to be paid to the executors for the purposes of the will, but that a portion of the proceeds was to be paid to the defendant, who had no title to the property, and was entitled to receive no portion of the proceeds. A purchaser at a judicial sale is entitled to a title to the premises free from reasonable doubt, and he would not have obtained such a title, either by the referee's deed, or the referee's deed as confirmed by this executors' deed. It is not necessary to consider other objections to the title raised by counsel for the purchaser. It is sufficient to say that by the conveyances tendered the purchaser would not obtain the title to the property to which he was entitled.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.