ROSA STRAUSS and LOUIS ULLMANN, as Executors of YETTA
ULLMANN, Deceased, Appellants, v. HENRY M. BENDHEIM,
Defendant.  LEOPOLD HUTTER, Respondent.

1. SPECIFIC PERFORMANCE OF CONTRACT MADE BY EXECUTORS UNDER
POWER OF SALE — PARTIES — RESALE BY REFEREE.  Executors, having
an unqualified and imperative power to sell and convey real estate and
convert it into cash for the purpose of dividing the same among legatees,
have power to make a contract of sale and enforce such contract by an
action for specific performance against a purchaser, without making the
beneficiaries parties, and in such action the court has power to adjudge a
resale by a referee with a personal judgment for any deficiency against
the defendant, and the deed of the referee to a purchaser at such sale
conveys all the title the executors had under their power of sale and the
purchaser must accept it.

2. DEED OF REFEREE PURSUANT TO POWER OF SALE.  Where the
recitals in the referee's deed show that it purports to convey the title of
the testatrix through the power given by her will as it had been deter-
mined by the court, the validity of the deed is not affected by the fact
that it conveyed all the right, title and interest of the executors and of the
original purchaser at the time of the entry of the judgment, as the execu-
tors had a right under the power and the purchaser had an equitable
title.

3. INFANTS' REAL ESTATE — SALE BY SPECIAL GUARDIAN TO HIS WIFE
— MARKETABLE TITLE.  The conduct of a special guardian of infants in
selling their real estate to his wife is not to be commended; but where it
appeared that the sale was confirmed by the court in which the proceed-
ing was instituted, with full knowledge upon its part of all the facts, the
title cannot, after the lapse of twenty-six years and long after all of the
infants have become of age, be questioned.

*Strauss* v. *Bendheim*, 44 App. Div. 82, reversed.

(Argued February 26, 1900; decided April 17, 1900.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
November 9, 1899, reversing an order requiring Leopold
Hutter to complete his purchase of the premises described in
the complaint, entered upon a decision of the court on trial at
Special Term.

The nature of the proceeding and the facts, so far as mate-
rial, are stated in the opinion.

*Charles F. Brown* and *Samuel D. Levy* for appellants. The reversal of the order of the Special Term cannot be sustained. (*Everitt* v. *Everitt*, 29 N. Y. 39; L. 1896, ch. 547, § 137; *Johnson* v. *Wallis*, 3 N. Y. S. R. 140; 112 N. Y. 230; *Mott* v. *Ackerman*, 92 N. Y. 539; *Bostwick* v. *Beach*, 103 N. Y. 414; *Faile* v. *Crawford*, 30 App. Div. 536; *Clark* v. *Hall*, 7 Paige, 382; Pom. Eq. Juris. §§ 135, 368, 372, 1161; Story's Eq. Juris. §§ 789, 790, 1212, 1213; *Champion* v. *Brown*, 6 Johns. Ch. 398.) The decree made by the Court of Common Pleas in 1873 authorizing the guardian to convey the real estate belonging to the infants named below to Louisa Weiher cannot be attacked by the purchaser collaterally. (*Hunt* v. *Alexander*, 45 N. Y. Supp. 814; *Johnson* v. *O'Connor*, 47 N. Y. Supp. 425; *De Caters* v. *De Chaumont*, 3 Paige, 177; *Scholle* v. *Scholle*, 101 N. Y. 167.) Every one of the infants interested in the real property in question have long ago attained their majority, and by permitting the owner of the property to remain in undisputed possession for twenty-six years, have confirmed and ratified the contract made by their general guardian in 1873 on the sale of that property. (*Aldridge* v. *Funk*, 16 N. Y. S. R. 508.) The sale by the special guardian is valid, and the title good through this sale; because the court, on the application by the special guardian for the sale of the infants' interest in the premises, inquired into all the facts, and was informed that the intending purchaser was the wife of the special guardian and through a referee duly appointed authorized the special guardian to contract with his wife, Louisa Weiher, for the sale of the property for an approved price equal to the value found by the referee. (*Scholle* v. *Scholle*, 101 N. Y. 167; *De Caters* v. *De Chaumont*, 3 Paige, 178; *Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Harrington* v. *E. C. Sav. Bank*, 101 N. Y. 257; *Dugan* v. *Denyse*, 13 App. Div. 214.) The title to the property in question being free from reasonable doubt, the purchaser obtains a marketable title. (*Cambrelleng* v. *Purton*, 125 N. Y. 610; *Moser* v. *Cochrane*, 107 N. Y. 35; *Kullman* v. *Cox*, 49 N. Y. Supp. 908.)

*Franklin Pierce* and *E. Arnstein* for respondent. The deed of Lorenz Weiher, as special guardian, to Louise Weiher, his wife, created title in her, subject to be avoided by the infants; and although twenty-six years have passed since the deed was given, the burden to show that none of these infants or their heirs have been under a disability during that period is upon the appellant. (*Davoue* v. *Fanning*, 2 Johns. Ch. 251; *Hatfield* v. *Sneden*, 54 N. Y. 280; *Gardner* v. *Ogden*, 22 N. Y. 349; *Lingke* v. *Wilkinson*, 57 N. Y. 445; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 125 N. Y. 274; *Steinway* v. *Steinway*, 2 App. Div. 304; *Hinman* v. *Devlin*, 31 App. Div. 592; *Atkins* v. *Judson*, 33 App. Div. 47; *L. T. Co.* v. *L. N. A. & C. R. R. Co.*, 164 U. S. 688; *Tyler* v. *Sanborn*, 128 Ill. 136.) The confirmation by the court of the sale in this case made by the guardian *ad litem*, does not make the voidable title valid. (*People* v. *Merchants' Bank*, 35 Hun, 97; *Bennett* v. *Austin*, 81 N. Y. 308; *O'Donoghue* v. *Boies*, 159 N. Y. 102.) The mere lapse of twenty-six years since this sale by the guardian *ad litem*, with no other facts shown, does not amount to an acquiescence on the part of the infants. (*Hatch* v. *Hatch*, 9 Ves. 229; *Kahn* v. *Chapin*, 152 N. Y. 305; *Platt* v. *Platt*, 58 N. Y. 646; 12 Am. & Eng. Ency. of Law, 600, n. 1; *Blank* v. *Sadlier*, 153 N. Y. 556; *Simis* v. *McElroy*, 12 App. Div. 434; 160 N. Y. 156; *Hendricks* v. *Gillespie*, 25 Gratt. 197; *Luckett* v. *Williamson*, 31 Mo. 57; *McCroskey* v. *Ladd*, 28 Pac. Rep. 217; *Hartley* v. *Smith*, 11 Buck, 368.) The objection that the referee's deed did not unquestionably convey the title of all persons having any interest in the real estate is well founded. (*Prentice* v. *Janssen*, 79 N. Y. 478; *Armstrong* v. *McKelvey*, 104 N. Y. 179; *Sweeney* v. *Warren*, 127 N. Y. 426; *Drake* v. *Paige*, 127 N. Y. 569; *Mellen* v. *Mellen*, 139 N. Y. 210; *McDonald* v. *O'Hara*, 144 N. Y. 566; *People ex rel.* v. *Scott*, 8 Hun, 566.) The decree at Special Term provided that the proceeds of the judicial sale, after paying the sum due the executors, together with their costs and disbursements, should be paid by the referee to Bend-

heim. The referee, however, whose title the purchaser is compelled to take by the order of the Special Term, had only the title of the parties to the action, and he cannot be regarded as having any authority to execute the power of sale for the executors. (*Pewabic Mining Co.* v. *Mason*, 145 U. S. 349; *Holly* v. *Hirsch*, 135 N. Y. 590; *Thomson* v. *Smith*, 63 N. Y. 301; *Potter* v. *Ellice*, 48 N. Y. 321; *Abbott* v. *James*, 111 N. Y. 673; *Noonan* v. *Brennemann*, 22 J. & S. 337; *McCotter* v. *Lawrence*, 4 Hun, 107; *Fisher* v. *Banta*, 66 N. Y. 468; Code Civ. Pro. §§ 1471, 1557, 1623.) The title which a purchaser at a judicial sale is entitled to must be a marketable title beyond question. (*Holly* v. *Hirsch*, 135 N. Y. 598; *Haberman* v. *Baker*, 128 N. Y. 253; *Fleming* v. *Burnham*, 100 N. Y. 1; *Toole* v. *Toole*, 112 N. Y. 333; *Simis* v. *McElroy*, 12 App. Div. 434; 160 N. Y. 156; *Vought* v. *Williams*, 120 N. Y. 253; *Shriver* v. *Shriver*, 86 N. Y. 575; *Moore* v. *Williams*, 115 N. Y. 586; *Irving* v. *Campbell*, 121 N. Y. 353; *Hinckley* v. *Smith*, 51 N. Y. 21.)

HAIGHT, J. Yetta Ullmann died in the city of New York on the 17th day of November, 1897, seized of the lands in question, and leaving a last will and testament which has been duly proved and admitted to probate in which, after providing for her funeral expenses, tombstone and a legacy to her brother, she appoints her son and daughter, the plaintiffs in this action, her executor and executrix, and directs that the residue and remainder of her estate be converted into cash and the proceeds divided into three parts; one part is given to her daughter, the executrix, another part to her son, the executor, and the remaining part to the children of her deceased daughter Fanny Reinhardt. For this purpose she empowered her executor and executrix, or the survivor of them, to sell and convey, grant and dispose of any and all of her real estate at any time after her demise as they might see fit, practicable and expedient, upon such terms and conditions, and in such manner, in their discretion, as they or the survivor of them should deem just or proper, and to make,

execute, acknowledge and deliver any and all deeds necessary or proper to give a marketable title. Pursuant to the power so given by the will the executor and executrix entered into an agreement in writing with the defendant Henry M. Bendheim, on the 18th of March, 1898, in which they agreed to sell and convey, and he to purchase, the premises in question for the sum of $12,500. On the day named in the contract for the delivery of the deed and the payment of the purchase price Bendheim objected to the title and refused to complete the purchase. Thereupon an action was brought to compel specific performance, which resulted in a judgment in favor of the appellants, decreeing specific performance on the part of the defendant and adjudging that in case he refused to receive the deed and pay the consideration stipulated in the contract the premises be sold at public auction by a referee named in the judgment, who was directed to deliver to the purchaser a deed of the premises upon his complying with the terms on which the premises should be sold, and, after deducting from the proceeds the referee fees and the costs of the action, to pay to the plaintiffs the balance of the purchase money, and if the proceeds of the sale were insufficient to pay the plaintiffs in full, then they were to have judgment for the deficiency against the defendant Bendheim. The defendant Bendheim refused to receive the deed or to specifically perform the contract as required by the judgment, and thereupon the premises were again sold under the judgment and the respondent Hutter became the purchaser on such sale. The referee, pursuant to the provisions of the judgment, himself executed a deed and tendered it to Hutter, together with a deed from the executor and executrix, and demanded that he complete the purchase, but he refused to accept the deeds, claiming that they did not give to him a marketable title.

The first question presented for review is whether the Supreme Court had the power to authorize a sale of the premises by a referee in the action brought by the executors for specific performance, without making the beneficiaries under

60

the will parties. It is true that under the will of Yetta
Ullmann no trust was created and the title to the lands was
not vested in the executors. The will, however, did invest
the executors with an imperative power of sale, with the
broadest discretion in reference to terms and conditions. Act-
ing under the power so given by the will they contracted to
convey to Bendheim, and this they had the power to do with-
out making the beneficiaries parties to the contract, and had
Bendheim performed his part of the contract the executors
could have conveyed to him all of the title to the premises
that the testatrix had in her lifetime. Bendheim having
refused to perform on his part, the executors had the right to
bring an action to compel specific performance by him, and
the beneficiaries under the will were not necessary parties in
such action. The will having given the executors the power
to sell, the duty devolved upon them of exercising that power
according to their own wisdom and judgment, and their action
bound the beneficiaries. With the power to sell, of necessity,
was the power to contract, and with that the power to enforce
the contract. In the action so brought judgment was entered
for specific performance, following the well-known practice
of adjudging a resale, with a personal judgment for deficiency
in case the defendant refused or failed to specifically perform
the contract. (*Clark* v. *Hall,* 7 Paige, 382, 385.) Judicial
sales are usually made by a referee designated by the court or
the sheriff of the county, either officer named being the
instrument of the court to execute its decree and as such
invested with the power of the court to convey all of the
title that the court had the power to order transferred. In
this case the executors, who were invested with the power to
sell and convey under the will in the action brought by them,
appealed to the court to enforce the performance of the con-
tract made by them, thus investing the court with all the
powers that they possessed under the will to compel specific
performance of the contract. It follows that the referee's
deed, tendered to the purchaser under the sale made pursuant
to the judgment, would have conveyed to him, if accepted,

all of the title to the premises which the executors, under their power of sale, could have conveyed.

It is further contended that the deed tendered by the referee was defective for the reason that it recited that it conveyed " all the right, title and interest " of the executors and of the defendant Bendheim " at the time of the entry of said judgment, it being their interest in said premises so sold and conveyed." It is quite true that the executors did not have the title, and the defendant Bendheim, as contractor, had an equitable title only, but each was possessed of a right or interest, the executors of a power under the will, and the defendant of an interest in the money which he had paid under the contract and through his obligation to complete the purchase. Upon referring to the terms of the deed, we find that it recites all the facts incorporated into the judgment with the authority given to the trustee to convey, from which it clearly appears that the deed purports to convey the title of the testatrix through the power given by her will as it had been determined by the court.

In 1873 one Charles Landauer died intestate, seized of the premises in question. He left him surviving a widow, four children and seven infant grandchildren who were children of deceased daughters of the intestate. On the 12th day of August, 1873, the infants, those over fourteen years of age themselves, and those under that age by their father and next friend, petitioned the Court of Common Pleas for the sale of their interests in the premises. Upon such petition the court appointed Lorenze Weiher, the father of some of the infants, special guardian and referred the matter to a referee to report the necessity for the sale. The referee took the evidence and made his report, which was confirmed by the court, and the guardian was ordered to enter into a contract for the sale of the premises. This he did with Louise Weiher, his wife. The contract was reported to the court, where it was confirmed, and the sale concluded, the purchaser giving a mortgage for the amount going to the infants, payable upon their arrival at the age of twenty-one years. The final order of confirmation

was entered on the 23d day of October, 1873. It is now contended that the title is defective, for the reason that the wife of the special guardian became the purchaser in such proceedings. This question was raised by the defendant Bendheim, and received the attention of the court in the trial of that action, but it does not appear to have been considered, by the Appellate Division in these proceedings. While the court will look with disfavor upon an attempt of an officer conducting a judicial sale to convey to his wife, still the court doubtless has the power in the exercise of its discretion to permit and approve such a sale. The leading case in this state upon the subject is that of *Davoue* v. *Fanning* (2 Johns. Ch. 252), which was decided before the adoption of the Married Women's Act. In that case the practice was denounced as poisonous in its consequences and the court refused to approve of the sale, but in the judgment entered the court directed that the premises should be re-exposed for sale by public auction, and if the premises failed to sell for an amount greater than the amount of the former sale, the former sale should in all respects stand confirmed. It thus appears that the court in that case held that under circumstances similar to those in question it had the power to confirm, which power it would exercise in case it appeared that the premises could not be sold for any greater sum. In the case under consideration the report of the special guardian made upon oath to the court shows that the contract was for the best terms upon which he could sell the property. It clearly appeared in the testimony taken in the proceeding that Louise Weiher was his wife, and that fact was necessarily before the court when it made the order confirming the contract and directing the conveyance. This, as we have seen, the court had the power to do, and inasmuch as it approved of the sale with full knowledge of the facts, we think the title cannot now, after the lapse of twenty-six years, and long after all of the infants have become of age, be questioned.

It appears, as we have seen, that the deed from the executors was tendered to the purchaser in connection with the deed

from the referee. This fact is recited in the order of the Special Term, but in directing the purchaser to accept the deed tendered by the referee the order omits to include that of the executors. While we are of the opinion that the referee's deed conveys the full title, there can be no harm in giving the purchaser the benefit of the deed from the executors, which was tendered to him and made one of the papers upon which the order was issued. The order should be modified in this particular.

The order of the Appellate Division should be reversed and that of the Special Term, as modified, affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Order reversed, etc.