(32 Misc. Rep. 179.)

### STRAUSS et al. v. BENDHEIM.

(Supreme Court, Special Term, New York County.   July, 1900.)

1. CONTRACT TO BUY LAND—SPECIFIC PERFORMANCE—JUDGMENT.

A judgment for specific performance of a land contract, which defendant, the vendee, refused to perform, directing the sale of land by a referee in case of defendant's inability to pay the contract price with costs, and awarding him any surplus on the sale arising after deducting taxable costs and disbursements, is correct.

2. CORRECTING JUDGMENT.

No judgment should be altered on motion, except to cure error by which it did not correctly express the decision.

3. ENFORCEMENT—SALE—SURPLUS—DISTRIBUTION.

A judgment for specific performance of a land contract directed the sale of the land by a referee in case of ability of defendant, the vendee, to pay the contract price with costs, and awarded him any surplus arising after deducting taxable costs and disbursements. *Held*, that the surplus raised by a sale to a stranger could not be diverted from defendant to plaintiffs by amendment of the original judgment, which was correct, or by supplementary direction of the court, though the surplus was gained by plaintiffs' efforts at an expense equal to the surplus; they having employed counsel, in proceedings to enforce the stranger's purchase, on defendant's agreement after sale to contribute to the expense, such agreement being a simple contract only, creating no lien on the surplus.

Action by Rosa Strauss and others against Henry M. Bendheim for specific performance of a land contract.   Motion to amend judgment. Denied.

Samuel D. Levy, for plaintiffs.
Charles A. Wendell, for defendant.

RUSSELL, J.   The defendant declined to specifically perform his contract with the plaintiffs, executors, for the purchase of land in New York City.   This action was begun to compel such performance, the defense overruled, and judgment given for a specific performance, and, in case of inability of defendant to pay, for a sale by a referee, with judgment against defendant for any deficiency, and awarding to him any surplus on the sale arising after taking out of the proceeds the legal costs and expenses.   This was manifestly the correct judgment, for plaintiffs were only entitled to the sum due on the contract, with indemnity for taxable costs and disbursements.   Clark v. Hall, 7 Paige, 382, 385.   Both parties then undoubtedly believed that the premises would not sell on a judicial sale for enough to cover the contract and charges.   No appeal was taken by defendant, and he made an agreement with plaintiffs to bid on the referee's sale enough to cover the claim, costs, and expenses, and paid $2,000, anticipatory of his being obliged to buy the premises in.   But on the sale by the referee an outsider, Leopold Hutter, purchased the premises at a price which raised a surplus of $1,300.   He, however, declined to take title, and appealed from an order of this court requiring him to complete his purchase.   The appellate division reversed the order, holding that the judgment gave no power to the referee to convey title, as the beneficiaries under the will of the plaintiffs' testator were not joined

as parties to the action, and the executors had only a naked power of sale. Strauss v. Bendheim, 44 App. Div. 82, 60 N. Y. Supp. 398. The plaintiffs appealed to the court of appeals, where the order of the appellate division was reversed, and that of the special term affirmed, that court holding that the referee's deed would convey a good title. 162 N. Y. 469, 56 N. E. 1007. Thereupon the purchaser, Hutter, performed, and the surplus of $1,300, besides some rents, awaits distribution.

The plaintiffs now move to divert this surplus from defendant to themselves, by amendment of the judgment under which the referee sold, or by supplementary direction of this court, on the ground that it is inequitable to give to defendant that surplus, gained by their steadfastness, at an expense to themselves equal to the surplus, they having employed counsel at special term, appellate division, and court of appeals in the proceedings against the purchaser, upon the promise of the defendant to compensate or contribute to the expenses, especially as the wrongful resistance to the obligations of his contract caused all this expense. The defendant denies all agreements to contribute except as to one item of $50. This motion was referred to the justice who tried the case and directed the original judgment.

No judgment should be altered upon motion except to cure an error by which it did not correctly express the decision. The original judgment here was right. On what grounds could the plaintiffs have, at the time of its entry, asked the court to deprive the defendant of an unexpected surplus, or hold it in suspense to be charged in plaintiffs' favor with nontaxable disbursements for counsel on further proceedings to enforce it? Whatever ethical grounds the plaintiffs may have, by agreement with defendant that he should contribute to the expense of such proceedings, they do not reach the legal effect of a lien on the surplus. Doubtless such a contract could have been made, but it was not. As evidenced by the careful agreement in writing, after the decision of the court of appeals, both parties expected that the defendant must shoulder the burden of paying plaintiffs the contract sum going to them, with costs, and had no conception that a stranger would relieve him, and create a fund for the benefit of either party. Defendant's agreement after the sale to contribute to the expense of enforcing that stranger's purchase is a simple contract only, and carries no equity beyond to the surplus, as the parties made no agreement that it should. The motion is denied, without costs, and without prejudice to any action the plaintiffs may choose to bring to enforce their claim against defendant.

Motion denied, without costs, without prejudice to any action plaintiffs may choose to bring to enforce their claim against defendant.